GHAFFARI v TURNER CONSTRUCTION COMPANY (ON REMAND)

Docket Nos. 240025, 241532. Submitted August 4, 2005, at Lansing. Decided October 20, 2005, at 9:00 a.m. Leave to appeal sought.

Louis Ghaffari, an employee of an electrical contractor for a theater under construction, brought an action in the Wayne Circuit Court against Turner Construction Company (the construction manager); various subcontractors, including Hoyt, Brum & Link and Guideline Mechanical, Inc.; and others, seeking damages for injuries sustained when he slipped and fell on pipes lying on the floor of a storage area at the construction site. The court, Wendy M. Baxter, J., granted summary disposition in favor of Turner, Hoyt, and Guideline. The Court of Appeals, OWENS, P.J., and GRIFFIN and SCHUETTE, JJ., affirmed. 259 Mich App 608 (2003). The Supreme Court reversed and remanded the case to the Court of Appeals to consider whether a genuine issue of material fact exists regarding Guideline's ownership of the pipes and whether Hoyt and Guideline owed a duty to the plaintiff. 473 Mich 16 (2005).

On remand, the Court of Appeals *held*:

1. The trial court properly granted summary disposition to Guideline on the ground that the plaintiff failed to establish an issue of material fact regarding whether Guideline owned the pipes. Speculation and conjecture are insufficient to create an issue of material fact. Most of the deposition testimony involved the witnesses' speculation after the fact with respect to ownership of the pipes. When the speculative testimony is disregarded, the only testimony remaining is that of a Guideline employee, who denied Guideline's ownership, and that of the plaintiff, who admitted that he knew Guideline stored its pipes outside the building.

2. Hoyt did not owe the plaintiff a duty separate and distinct from its contractual obligations, as required by *Fultz v Union-Commerce Assoc*, 470 Mich 460 (2004). The existence of a duty depends in part on foreseeability. While a subcontractor has a common-law duty to act in a manner that does not cause unreasonable danger to the person or property of another, the pipes were placed in what was originally a boarded-up storage area, and the

foreseeability of someone slipping or tripping on the pipes in such an area is not readily apparent. Hoyt's failure to remove the pipes when the area became a passageway did not give rise to a separate legal duty that is actionable in tort. Absent a legal duty to the plaintiff, there can be no tort liability. Pursuant to the Supreme Court's directive, Hoyt is dismissed from the suit.

Remanded for further proceedings against Turner only.

*Marshall Lasser* for Louis Ghaffari.

*Harvey Kruse, P.C.* (by *James E. Sukkar, Barry B. Sutton,* and *Julie Nichols*), for Hoyt, Brum & Link.

*Thomas P. Murray, Jr. & Associates* (by *Cynthia Stoddard Fitzgerald*), for Guideline Mechanical, Inc.

ON REMAND

Before: OWENS, P.J., and BANDSTRA and SCHUETTE, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court. *Ghaffari v Turner Constr Co,* 473 Mich 16; 699 NW2d 687 (2005) (*Ghaffari II*). In our earlier opinion, *Ghaffari v Turner Constr Co,* 259 Mich App 608; 676 NW2d 259 (2003) (*Ghaffari I*), we unanimously affirmed the trial court's grant of summary disposition in favor of defendants Turner Construction Company (Turner); Hoyt, Brum & Link (Hoyt); and Guideline Mechanical, Inc. (Guideline), on three separate grounds. First, we found that neither the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1001 *et seq.,* nor the federal Occupational Safety and Health Act (OSHA), 29 USC 651 *et seq.,* imposed a statutory duty in a negligence context on defendants. *Ghaffari I, supra* at 612-613. Second, we found that the pipes on the floor, over which plaintiff tripped, were an open and obvious condition and we extended the open and obvious danger doctrine to claims of general-

contractor liability to preclude plaintiff's suit.[1] *Id.* at 614-615. Third, with respect to Turner, we noted that a general contractor is normally not liable for a subcontractor's negligence, and we found that none of the exceptions to the general rule of nonliability—retention of supervisory control, dangers occurring in common work areas, and inherently dangerous activities— applied in the instant case.[2] *Id.* at 615-617.

The Supreme Court disagreed and reversed the decision of this Court, concluding that the open and obvious danger doctrine did not apply to a claim brought under the common work area doctrine. *Ghaffari II, supra* at 31. In doing so, the Supreme Court directed:

> On remand, the Court shall first consider whether a genuine issue of material fact exists regarding Guideline's ownership of the pipes. If it concludes that no such issue exists, then it shall affirm the trial court's grant of summary disposition for Guideline on that ground. Should the Court conclude that an issue of fact does exist, then the Court shall consider if Guideline, along with Hoyt, owed plaintiff any duty under *Fultz* [*v Union-Commerce Assoc,* 470 Mich 460; 683 NW2d 587 (2004)].
>
> If the Court concludes that Hoyt, Guideline, or both owed plaintiff a duty under *Fultz,* the Court shall then

---

[1] Although plaintiff only appealed this ground with respect to the trial court's dismissal of Turner, we addressed the open and obvious danger doctrine with respect to all three defendants. *Id.* at 614 n 2.

[2] In *Ormsby v Capital Welding, Inc,* 471 Mich 45, 49; 684 NW2d 320 (2004), an opinion issued after our decision in *Ghaffari I,* the Michigan Supreme Court clarified that the "retained control" doctrine was not a separate exception to general contractor liability, but rather the "retained control" doctrine merely indicated that a landowner who sufficiently retained control over a construction project could be held to the same level of care as the general contractor under the common work area exception. Nevertheless, this distinction did not affect our earlier decision on this issue and, regardless, is not before us on remand.

remand to the trial court for further proceedings against the relevant subcontractor(s) and Turner. However, should the Court conclude that the subcontractor(s) owed plaintiff no contractual duty, then it shall dismiss Hoyt and Guideline from the suit and remand for further proceedings against Turner only. [*Id.* at 30-31.][3]

A trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(10) is reviewed de novo to determine whether a genuine issue of material fact exists or whether the moving party is entitled to judgment as a matter of law. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998). Ownership is a question of fact to be determined by the fact-finder. *Harwood v Auto-Owners Ins Co,* 211 Mich App 249, 255; 535 NW2d 207 (1995). A court may not make factual findings when deciding a motion for summary disposition. *Burkhardt v Bailey,* 260 Mich App 636, 646-647; 680 NW2d 453 (2004). However, when no genuine issue of material fact exists, summary disposition is appropriate. *Spiek, supra* at 337. And when the nonmoving party would have the burden of proof at trial, the nonmoving party must establish that a genuine issue of material fact exists by admissible documentary evidence. *Quinto v Cross & Peters Co,* 451 Mich 358, 362-363; 547 NW2d 314 (1996); MCR 2.116(G)(6).

Here, Brian Muir from Guideline, Duncan Wilson and Matthew Ressler from Turner, and David Kunath from Hoyt testified that Guideline and Hoyt both used the type of pipe over which plaintiff tripped. Muir and Kunath testified that as far as they knew, Guideline and Hoyt were the only subcontractors who used that type

---

[3] In its order, the Supreme Court noted that neither Hoyt nor Guideline faced liability under a premises liability theory or the common work area doctrine because neither was a general contractor or a property owner. *Ghaffari II, supra* at 31 n 7.

of pipe at the job site. Thus, the evidence indicated that the pipes were owned by either Guideline or Hoyt.

Muir emphatically denied that the pipes belonged to Guideline; he stated that Wilson informed him at the beginning of the project that Guideline could not store its pipes inside the building, and that Wilson assigned him an area along the fence outside to be used as a "lay down" area.[4] Plaintiff acknowledged he was aware that Guideline stored its pipes outside. Wilson speculated that at least one of the pipes belonged to Hoyt because of the fixture on the end of the pipe. And Muir testified that Hoyt used as its lay down area the area in which plaintiff was injured.

In contrast, Kunath testified that it was unlikely that the pipes belonged to Hoyt; it was Hoyt's usual practice to store pipes in pipe racks on scaffolding, and he stored the pipes according to his company's usual practice because it was easier to sort and move the pipes. He could not, however, be completely sure that the pipes were Guideline's. Although Ressler initially assumed the pipes belonged to Hoyt, he agreed that they could have belonged to Guideline. Michael Wanserski, another subcontractor, speculated that the pipes belonged to Guideline because the pipes looked like plumbers' material, and Guideline was the plumbing subcontractor. Nevertheless, Wanserski also acknowledged that at least one of the pipes possibly did not belong to Guideline but belonged to the "sprinkler fitter contractor."

Most of the deposition testimony merely indicated the witnesses' speculation after the fact with respect to ownership of the pipes. Speculation and conjecture are insufficient to create an issue of material fact. *Detroit v Gen Motors Corp*, 233 Mich App 132, 139; 592 NW2d

---

[4] Testimony indicated that a lay down area is an area where contractors store material before it is installed.

732 (1998). When the speculative testimony is disregarded, the only testimony that remains is that of Muir—who emphatically denied ownership of the pipes —and plaintiff—who admitted he knew Guideline stored its pipes outside. Therefore, we find that plaintiff failed to establish an issue of material fact regarding whether Guideline owned the pipes, and we conclude that the court properly granted Guideline summary disposition on this ground.

The next issue we must address is whether Hoyt owed plaintiff a duty under *Fultz*. Whether a defendant owes a duty toward a plaintiff is a question of law that is reviewed de novo. *Fultz, supra* at 463. The issue in *Fultz* was whether a plaintiff could establish that she was owed a duty as a result of a contract to which she was not a party. *Id.* at 462-463. Similarly to the plaintiff in *Fultz*, plaintiff here has failed to produce a contract to which he was a party that would give rise to a duty owed him by Hoyt. In resolving this issue in *Fultz*, the Supreme Court stated:

> [L]ower courts should analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a "separate and distinct" mode of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie. [*Id.* at 467.]

Hence, the first question is whether Hoyt owed plaintiff a duty separate and distinct from its contractual obligations. Generally, "whether a duty exists depends in part on foreseeability: whether it was foreseeable that a defendant's conduct may create a risk of harm to another person and whether the result of that conduct and intervening causes was foreseeable."

*Schultz v Consumers Power Co,* 443 Mich 445, 464; 506 NW2d 175 (1993) (GRIFFIN, J., dissenting), citing *Buczkowski v McKay,* 441 Mich 96, 101; 490 NW2d 330 (1992), and *McMillan v State Hwy Comm,* 426 Mich 46, 61-62; 393 NW2d 332 (1986). Although a subcontractor has no duty under the common work area doctrine to make a work site safe for the employees of another subcontractor, *Hughes v PMG Bldg, Inc,* 227 Mich App 1, 12; 574 NW2d 691 (1997), a subcontractor has a common-law duty to act in a manner that does not cause unreasonable danger to the person or property of others, *Johnson v A & M Custom Built Homes of West Bloomfield, PC,* 261 Mich App 719, 722; 683 NW2d 229 (2004). See also *Fultz, supra* at 468-469 (distinguishing between a failure to remove snow and removal of snow in a manner that created a new hazard).[5]

The act of placing pipes in a passageway of a busy and crowded construction site clearly could have caused unreasonable danger to the person or property of other construction workers. *Johnson, supra.* Moreover, the type of injury plaintiff suffered would have been a foreseeable result of such an act. *Schultz, supra.* Nevertheless, Chris Mamp, plaintiff's supervisor, indicated that at the time the pipes appeared, the archway was boarded up. And plaintiff acknowledges in his brief on appeal that the pipes were placed in a storage area that later became a passageway. Therefore, at the time the pipes appeared, the area was merely a storage area rather than a passageway. The foreseeability of someone slipping or tripping on pipes lying next to a wall in a storage area is not nearly as apparent.

---

[5] Although Hoyt questions the continuing validity of *Johnson* given the Supreme Court's decision in *Fultz,* we find no inconsistency. Both opinions indicate that when a defendant acts in a manner that places others in greater danger, the defendant may be held liable for the action.

Plaintiff argues that Hoyt had a duty to remove the pipes once the boards were removed from the archway. However, a failure to act does not give rise to a separate legal duty in tort. *Fultz, supra* at 469. Therefore, Hoyt had no actionable duty to remove the pipes. Unless a defendant owes a legal duty to a plaintiff, there can be no tort liability. *Beaty v Hertzberg & Golden, PC,* 456 Mich 247, 262; 571 NW2d 716 (1997). Therefore, in accordance with the Supreme Court's directive, we dismiss Hoyt from the suit. We decline to address Hoyt's remaining arguments because they fall outside the scope of the Supreme Court's order remanding this matter.

Remanded to the trial court for further proceedings against Turner only. We do not retain jurisdiction.