MARTIN v LEDINGHAM

Docket No. 280267. Submitted January 6, 2009, at Lansing. Decided
     January 27, 2009, at 9:00 a.m. Leave to appeal sought.
     Sherri Martin brought a medical malpractice action in the Emmet
          Circuit Court against David Ledingham, M.D., and others,
          including Northern Michigan Hospital. The plaintiff alleged in
          part that the negligence of the hospital's nurses in failing to
          report her worsening postsurgical condition to physicians in-
          volved in her care was the proximate cause of her injuries. The
          court, Charles W. Johnson, J., granted summary disposition for
          the hospital, relying on affidavits from two physicians stating
          that they would not have changed the course of the plaintiff's
          treatment had the hospital's nurses informed them of the
          plaintiff's condition. The plaintiff appealed.

          The Court of Appeals *held*:

          The trial court properly granted summary disposition. Proof
     of causation requires both cause in fact and legal, or proximate,
     cause. The plaintiff presented deposition testimony suggesting
     that the standard of care required the hospital's nurses to
     provide earlier and better reports regarding the plaintiff's
     postsurgical condition to the operating surgeon and, if neces-
     sary, to other physicians higher in the chain of command. This
     evidence, however, was insufficient to create a genuine issue of
     material fact on the issue of causation because it only concerned
     what hypothetical physicians should have done had better
     reports been made. In contrast, the physicians actually involved
     in the plaintiff's care testified that they would not have changed
     the plaintiff's care or treatment had the nurses reported in the
     manner that the plaintiff alleged was necessary. The facts did
     not establish a reasonable inference of causation, and a finding
     of causation from these facts would at best be mere speculation.
     Liability can be imposed for failure to adequately report to a
     physician only if the physician would have altered a diagnosis or
     treatment had he or she received a better or earlier report.

          Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — PHYSICIANS AND SURGEONS — REPORTS
    OF PATIENT'S CONDITION.

 The failure of a hospital nurse to adequately report a patient's
 postsurgical condition to a physician does not constitute the cause
 in fact of the patient's injuries if the physician would not have
 altered a diagnosis or treatment had he or she received a better or
 earlier report.

*Sommers Schwartz, P.C.* (by *Samuel A. Meklir*), for
Sherri Martin.

*Brian R. Garves* for Northern Michigan Hospital.

Before: TALBOT, P.J., and BANDSTRA and MURRAY, JJ.

PER CURIAM. Plaintiff appeals as of right the trial
court's order granting summary disposition to North-
ern Michigan Hospital (defendant). This case arises
from a surgical procedure performed on plaintiff and
the care that followed. Plaintiff alleges that defendant's
nurses were negligent in their failure to report her
worsening postsurgical condition to physicians and that
this negligence was the proximate cause of her injuries.
We conclude that, because there was no evidence show-
ing that plaintiff's treatment would have been changed
if better reporting had occurred, the trial court properly
granted summary disposition. We have decided this
appeal without oral argument pursuant to MCR
7.214(E).

 Following the voluntary dismissal of the doctors who
were sued in this case, defendant moved for summary
disposition. It relied on affidavits from Dr. David Ryn-
brandt and Dr. Jeffrey Beaudoin stating that they
would not have changed the course of plaintiff's treat-
ment had nurses employed by defendant informed them
of plaintiff's condition as plaintiff alleged they should
have. Thus, defendant argued, plaintiff could not show
that the alleged negligence of defendant's nurses was

the proximate cause of her injuries. The trial court agreed and granted the motion.

On appeal, plaintiff contends that summary disposition was inappropriate because she had produced evidence showing that, had the nurses properly reported, a notified doctor would have had the duty to change plaintiff's treatment. So, plaintiff argues, the affidavits of Dr. Rynbrandt and Dr. Beaudoin do not preclude plaintiff from presenting her failure-to-report theory to a jury. Additionally, plaintiff contends that those doctors' affidavits involved issues of credibility and state of mind and that summary disposition was not appropriate in light of those issues. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). This Court must review the record in the same manner as the trial court to determine whether the movant was entitled to judgment as a matter of law. *Scalise v Boy Scouts of America*, 265 Mich App 1, 10; 692 NW2d 858 (2005).

Summary disposition of all or part of a claim or defense may be granted when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted, MCR 2.116(G)(5), in the light most favorable to the nonmoving party, *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004), and all reasonable inferences must be drawn in favor of the nonmovant, *Scalise, supra* at 10. The party opposing the motion must show that a genuine issue of disputed fact exists by producing

evidentiary materials setting forth specific facts. MCR 2.116(G)(4); *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005). The disputed factual issue must be material to the dispositive legal claims. *Auto Club Ins Ass'n v State Automobile Mut Ins Co*, 258 Mich App 328, 333; 671 NW2d 132 (2003). Speculation and conjecture are insufficient to create an issue of material fact. *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 464; 708 NW2d 448 (2005).

Proof of causation requires both cause in fact and legal, or proximate, cause. *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). Cause in fact generally requires a showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. *Craig v Oakwood Hosp*, 471 Mich 67, 86-87; 684 NW2d 296 (2004). Cause in fact may be established by circumstantial evidence, but, to be adequate, such evidence must give rise to reasonable inferences of causation, not mere speculation. *Skinner v Square D Co*, 445 Mich 153, 163-164; 516 NW2d 475 (1994).

As cause-in-fact evidence, plaintiff presented deposition testimony from both a doctor and a nurse suggesting that the standard of care required defendant's nurses to provide earlier and better reports regarding plaintiff's postsurgical condition, both to the operating surgeon and up the chain of command beyond that physician if no appropriate action was taken. The doctor further testified that, had that occurred, a different course of treatment should have been undertaken that would have prevented or mitigated plaintiff's injuries.

This evidence was insufficient to create a genuine issue on factual causation because it only concerned what hypothetical doctors should have done had better

reports been provided.[1] In contrast to that, the real
doctors involved with plaintiff's care testified about
what they would actually have done had they received
the nurse reports plaintiff claims should have been
made. Dr. Rynbrandt, who had performed the surgery
on plaintiff, was aware of postsurgical complications
shortly thereafter and took steps to address them.
Plaintiff's claim is that defendant's nurses should have
done more to inform Rynbrandt about further develop-
ments in the complications. However, in his affidavit,
Rynbrandt repeatedly stated that he had ample infor-
mation regarding plaintiff and her situation throughout
the period during which plaintiff alleges care was defi-
cient, that he reviewed plaintiff's chart and was other-
wise adequately apprised of developments, and that
nothing the nurses could have done differently would
have altered the care that he provided plaintiff.

Similarly, there is no factual support for plaintiff's
claim that, had defendant's nurses gone up the chain of
command to someone with higher authority, a better
course of treatment would have been provided. Dr.
Beaudoin was the chair of the general surgery section at
the hospital, with authority over Dr. Rynbrandt. Dr.
Beaudoin became involved with plaintiff's care about a
week after the initial surgery and ultimately performed
a second operation to address her complications. He
testified by affidavit that, had he been called into the
case earlier as plaintiff alleges the nurses should have
done, he would have examined plaintiff and discussed

---

[1] Considering plaintiff's hypothetical argument, we note that, had the
doctors negligently failed to change plaintiff's treatment upon receiving
better reports from defendant's nurses, no liability would be imposed on
defendant as a result. Had all this occurred, those facts could well present
another theory of liability against the doctors, but, unlike the nurses,
they are not agents of the hospital. See *Seef v Ingalls Mem Hosp*, 311 Ill
App 3d 7, 16; 724 NE2d 115 (1999).

her care with Rynbrandt. However, Dr. Beaudoin further testified that his earlier involvement would have yielded no additional information not already available to Dr. Rynbrandt and that he would not have suggested or requested any change in the care or treatment being provided by Dr. Rynbrandt.

In sum, the facts presented in this case demonstrate that, had defendant's nurses made the reports plaintiff alleges they should have, plaintiff's care and treatment would not have been changed whatsoever. Thus, the facts simply do not support plaintiff's claim that the nurses' failure to report was a cause in fact of the injuries she suffered as a result of her postsurgical treatment. The facts did not establish a "reasonable inference[] of causation," and a finding of causation from these facts would be "mere speculation" at best. *Skinner, supra* at 164. We note that courts in other states have similarly concluded that liability can be imposed for a failure to adequately report to a physician only if the physician would have, in fact, altered a diagnosis or treatment had a better or earlier report been received. See, e.g., *Albain v Flower Hosp*, 50 Ohio St 3d 251, 265; 553 NE2d 1038 (1990), overruled on other grounds by *Clark v Southview Hosp & Family Health Ctr*, 68 Ohio St 3d 435 (1994); *Seef v Ingalls Mem Hosp*, 311 Ill App 3d 7, 19-20; 724 NE2d 115 (1999).

Finally, we conclude that a fact-finder's determination that there was cause in fact merely because the fact-finder disbelieved the doctors involved would be exactly the kind of speculation that *Skinner* disapproved in the absence of any affirmative cause-in-fact proof advanced by plaintiff. See also MCR 2.116(G)(4) (indicating that plaintiff was required to "set forth specific facts" in response to defendant's summary

disposition motion). We conclude that the trial court properly granted defendant summary disposition under the principles explained by our Supreme Court in *Skinner*.

In light of our resolution of this issue, we need not consider defendant's other argument.

We affirm.