# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of CARL A. STAMM IV v ERIK
KING

---

MARY STAMM, Personal Representative of the
Estate of CARL A. STAMM, IV,

        Plaintiff-Appellant,

v

ERIK KING, LEANNE KING and ROBERT
KING,

        Defendants-Appellees,

and

VILLAGE OF FOWLERVILLE,

        Defendant.

UNPUBLISHED
October 13, 2015

No. 325221
Livingston Circuit Court
LC No. 14-028064-NI

---

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition to defendants pursuant to MCR 2.116(C)(8) and (C)(10) and dismissing its wrongful death claim premised on a theory of social host liability under MCL 436.1701 and MCL 750.141a. We affirm.[1]

---

[1] In a separate order, the trial court granted defendant Village of Fowlerville's motion for summary disposition, also under MCR 2.11(C)(8) and (C)(10). Fowlerville is not a party to this appeal. The use of "defendants" in this opinion refers to Erik, Robert, and Leanne King.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff's decedent, 20-year-old Carl A. Stamm, IV, died in a motorcycle crash in the early morning hours of May 17, 2011. Stamm had spent the prior evening with his 21-year old friend, defendant Erik King. Erik lived with his parents, and he and Stamm had spent the evening in the basement of his parents' home, talking, drinking, watching TV, and playing video games. Erik had purchased a 12-pack of beer earlier in the day, and according to Erik's deposition testimony, he drank six to eight of the beers, while Stamm drank three to five Coke-and-whiskey cocktails. Stamm mixed the cocktails using whiskey from a water bottle he had left in the refrigerator in the Kings' basement after a previous visit. Although Erik's parents, Robert and LeAnne, were home, they did not go into the basement that evening and both testified that they did not know that Stamm was drinking alcohol in their house. According to Erik, he and Stamm went to sleep around midnight, after having agreed to have breakfast together later that morning. However, unbeknownst to Erik, Stamm left the King house in the early morning hours and headed for his home in East Lansing on his motorcycle.

A Livingston County Sheriff's Deputy attempted to stop Stamm after clocking him driving his motorcycle at in excess of 100 miles per hour on I-96, just east of M-59. When the deputy pulled up behind Stamm and activated the overhead lights on his patrol car, Stamm accelerated in an attempt to avoid the traffic stop. In an effort to assist the deputy, a Fowlerville Police officer turned on the overhead lights of his cruiser and positioned it in the right hand lane of I-96. When he saw that the motorcyclist was bearing down on him in the right hand lane, he started to move to the left hand lane to get out of the way. The deputy estimated that Stamm was driving at around 100 miles per hour when his motorcycle crashed into the left side of the officer's police car. The impact launched Stamm over the handlebars of the motorcycle, and he fatally struck his head on the patrol car.

Plaintiff filed a wrongful death suit against defendants, alleging social host liability under MCL 436.1701 and MCL 750.141a. Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10).

The trial court found no evidence that defendants had furnished Stamm with alcohol in violation of MCL 436.1701. The trial court also found no evidence that Robert or LeAnne King had knowingly allowed Stamm to possess or consume alcohol in their residence in violation of MCL 750.141a, and further found that Erik King lacked the requisite control over the residence for culpability under that statute. The trial court thus granted defendants summary disposition and dismissed plaintiff's case. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition, *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2002), as well as questions of statutory interpretation and application, *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 694; 671 NW2d 89 (2003). Because the trial court did not specify the ground upon which it based its grant of summary disposition, but considered material outside the pleadings, this Court will review the decision as based on MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). A motion for summary disposition

under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence, and then the burden shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.* (quotation marks and citations omitted). Questions of statutory interpretation and application are questions of law that this Court reviews de novo. *Farmers Ins Exch v AAA of Mich*, 256 Mich App 691, 694; 671 NW2d 89 (2003).

### III. VIOLATION OF MCL 436.1701

Plaintiff argues that the trial court erred in concluding that Erik did not "give" or "offer" alcohol to Stamm. We disagree. MCL 436.1701(1) prohibits selling or furnishing alcohol to minors. In *People v Neumann*, 85 Mich 98, 102; 48 NW 290 (1891), our Supreme Court defined "furnishing" as follows:

> . . . [T]he furnishing of liquor is "letting a minor have liquor," and is something more than giving. A narrow and technical definition of the word "giving" might restrict its meaning to the handing of the liquor to him direct by the person giving it, as seems to be held by the supreme court of Illinois; but it is not necessary that a person should hand the liquor to a minor in order to furnish it. If the liquor, belonging to the person, and under his control, is, by his consent and connivance, permitted to be taken and drank by the minor, whether it is passed to him direct or through the hands of another, is immaterial; the liquor in either case is furnished to such minor, within the meaning of our statute.

Contrary to plaintiff's assertion, the trial court did not restrict the term "furnish" by construing it to mean "give" or "offer." Rather, the trial addressed whether Erik had let Stamm have alcohol; specifically, whether Stamm had consumed any of the beer Erik had purchased, regardless of whether Erik had physically given or expressly offered him a beer. The trial court found no evidence in the record that Stamm drank any of the beer purchased by Erik, nor do we. Erik stated that Stamm drank cocktails mixed with the whiskey he had left in a water bottle in the refrigerator, and the record contains no evidence to the contrary. Plaintiff's assumption that Stamm must have consumed a beer because beer was available and Stamm usually preferred beer, and further that his blood alcohol content (BAC) suggested that he had more than the three to five drinks attributed to him, finds no support in the record and, consequently, is insufficient to create an issue of material fact. *Ghaffari v Turner Const Co*, 268 Mich App 460, 464; 708 NW2d 448 (2005) ("Speculation and conjecture are insufficient to create an issue of material fact.").

Although Erik conceded the possibility that Stamm could have "snuck" a beer, he repeatedly asserted that he did not see Stamm drink any beers, and that Stamm had restricted himself to the whiskey cocktails. Moreover, plaintiff's reasoning presumes that Stamm measured the amount of alcohol in his drink as would a bartender. In short, the precise number

and strength of the mixed drinks Stamm consumed is unknown. Thus, the record does not support plaintiff's contention that essentially Stamm must have consumed some of Erik's alcohol in order to have the post-mortem BAC he possessed. There is no record evidence to create an issue of material fact as to whether Erik had furnished Stamm with alcohol. Defendant does not allege that Robert and Leanne furnished Stamm with alcohol. For these reasons, we conclude that there was no showing that defendants violated MCL 436.1701 by furnishing alcohol to Stamm.

## IV. VIOLATION OF MCL 750.151a

Plaintiff next contends that the trial court erred in granting summary disposition because defendants violated MCL 750.141a by allowing Stamm, whom they knew was a minor, to possess and consume alcohol in their home. Again, we disagree. MCL 750.141a provides that, unless a minor's consumption of alcohol is for religious purposes, "an owner, tenant, or other person having control over any premises, residence, or other real property shall not . . . [k]nowingly allow a minor to consume or possess an alcoholic beverage at a social gathering on or within that premises, residence, or other real property." MCL 750.141a(2)(a). MCL 750.141a(1)(b) defines "allow" as follows:

> (b) "Allow" means to give permission for, or approval of, possession or consumption of an alcoholic beverage or a controlled substance, by any of the following means:
>
> (*i*) In writing.
>
> (*ii*) By 1 or more oral statements.
>
> (*iii*) By any form of conduct, including a failure to take corrective action, that would cause a reasonable person to believe that permission or approval has been given.

Plaintiff contends that Erik's deposition testimony, where he described social gatherings in his parents' basement where underage friends brought and consumed alcohol, as well as his statement to police that his parents were "okay" with underage drinking in their house, establishes that Robert and LeAnne King adopted a course of permissive conduct that caused Stamm to reasonably believe that he could drink alcohol in their home. MCL 750.141a(1)(b)(*iii*). However, culpability under MCL 750.141a requires that the violator "knowingly" allow a minor to consume or possess alcohol, and "knowingly" implies actual, not constructive, knowledge. *Christensen v Parrish*, 82 Mich App 409, 412; 266 NW2d 826 (1978) (stating that "only a person who 'knowingly gives or furnishes' alcoholic beverages violates [MCL 750.141a]," and that "knowingly" implies "some element of control over or an active part in supplying a minor with alcohol."); see also *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 198; 694 NW2d 544 (2005) (noting that the Legislature uses "knew" and "should have known" to signify a difference between knowledge and constructive knowledge, and that constructive knowledge "cannot replace the requirement of knowledge in a statute").

In *Christensen*, a group of young people attended a party at the defendant's home, bringing and consuming their own alcoholic beverages. *Id*. at 411. One minor drove away

intoxicated and lost control of his car, resulting in a crash that caused serious injuries to his passenger. *Id*. She and her parents sued the defendant homeowner for furnishing alcoholic beverages to a minor in violation of MCL 750.141a. *Id*. at 410. This Court affirmed the trial court's grant of summary disposition, because the plaintiffs had "shown little more than the fact that defendant was present in her own home while minors consumed alcoholic beverages furnished by someone else." *Id*. at 412.

No record evidence indicates that Robert or Leanne had actual knowledge that Stamm was drinking in their basement on the night prior to his death. There is no evidence that Robert or LeAnne went down to the basement while Stamm was there, or that they were aware that he had stored the water bottle containing whiskey in their basement refrigerator. Accordingly, we find that there was no showing that Robert or LeAnne violated MCL 750.141a because there was no showing that they had the requisite knowledge that Stamm was in possession of or consuming alcohol in their home on the night of May 16, 2011.

With regard to Erik, plaintiff argues that the trial court erred in concluding that Erik was not culpable under MCL 750.141a because he was not "an owner, tenant, or other person having control over the . . . residence." MCL 750.141a(2). We disagree. MCL 750.141a(1)(c) provides that " '[c]ontrol over any premises, residence, or other real property' means the authority to regulate, direct, restrain, superintend, control, or govern the conduct of other individuals on or within that premises, residence, or other real property, and includes, but is not limited to, a possessory right." MCL 750.141a(1)(c). The trial court emphasized that Erik was merely an adult child living in his parents' home, and that as such, he did not have a possessory interest in the home. Plaintiff contends that MCL 750.141a does not state that only persons with the highest level of authority satisfy the "control" requirement, and argues that Erik could have told Stamm that he could not drink in the house, and that if he refused to stop drinking, he would have to leave.

Culpability under MCL 750.141a is established where a defendant has control over the premises and knowledge that a minor is drinking, but fails to take corrective action. MCL 750.141a(6). That Erik could have told Stamm that he would have to leave if he did not stop drinking does not establish that Erik had "the authority to regulate, direct, restrain, superintend, control, or govern" Stamm's conduct. MCL 750.141a(1)(c). MCL 750.141a(6) requires both control over the residence and corrective action, and nothing in the statute indicates that the ability to take corrective action, alone, establishes the requisite control.[2] In short,

---

[2] Simply put, the record supports the inference that any "authority" Erik would have had to make Stamm leave if he had refused to stop drinking alcohol would have come from either asking his parents to exercise their authority or an invocation of his friendship with Stamm. Even assuming that Stamm might have ceased drinking alcohol or left because of their friendship if Erik had requested he do so, Stamm's conduct in that instance would not have been regulated, directed, restrained, superintended, controlled, or governed by Erik's authority over the premises. MCL 750.141a(1)(c).

plaintiff presents no evidence that Erik had the type of control over the residence contemplated by MCL 750.141a.

In sum, the record is devoid of evidence that Robert or LeAnne King furnished Stamm with alcohol in violation of MCL 436.1701, and plaintiff provides no evidence that Erik King furnished Stamm with alcohol. Plaintiff's assumption that Stamm consumed some of Erik's beers is speculative and insufficient to create a genuine issue of material fact. *Ghaffari*, 268 Mich App at 464. In addition, no record evidence establishes that Robert or LeAnne King knowingly allowed Stamm to possess or consume alcohol in their home on the night of May 16, 2011, in violation of MCL 750.141a, or that Erik had control over his parents' home so as to render him culpable under MCL 750.141a. For these reasons, we affirm the trial court's grant of summary disposition and dismissal of plaintiff's case.

Affirmed.


/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra