# STATE OF MICHIGAN

# COURT OF APPEALS

MARK PAWLICKI,

        Plaintiff-Appellee,

v

TRU-WALL CONSTRUCTION COMPANY, INC.,

        Defendant-Appellant,

and

SUPERB CUSTOM HOMES, LLC, SUPERB CUSTOM HOMES OF NORMANDY HILLS, LLC, SUPERB CUSTOM HOMES OF ASBURY PARK, LLC,

        Defendants.

UNPUBLISHED
February 14, 2017

No.   330156
Oakland Circuit Court
LC No.   2014-143967-NO

Before:  Ronayne Krause, P.J., and O'Connell and Meter, JJ.

Per Curiam.

Defendant Tru-Wall Construction Company, Inc., appeals by leave granted the trial court order denying its motion for summary disposition.  This case arose from an accident that occurred at a residential construction site.  Plaintiff Mark Pawlicki tripped over a re-enforcement bar (rebar) or a grounding rod that was protruding from the home's foundation, and fell approximately eight feet into the basement, fracturing his leg.  Tru-Wall was the subcontractor that poured the foundation walls on the construction site.  Superb Custom Homes of Asbury Park, LLC, was the general contractor for the construction site.

Plaintiff filed a complaint claiming that as a result of defendants' negligence, he suffered extensive injuries to his right leg.  Tru-Wall sought summary disposition pursuant to MCR 2.116(C)(10) on the grounds that it did not owe a legal duty to plaintiff, that it did not breach any legal duty owed to plaintiff, that it was required to install the rod over which plaintiff allegedly tripped, and that the rod was an open and obvious condition on the premises.  The trial court concluded that, viewing the evidence in the light most favorable to the nonmoving party, there was a genuine issue of material fact regarding whether Tru-Wall breached its duty owed to

-1-

plaintiff and whether that breach caused plaintiff's injury. In addition, the trial court held that the open-and-obvious doctrine did not apply to the instant case because plaintiff's allegations sounded in ordinary negligence. We affirm.

First, Tru-Wall argues that the trial court erred by finding that the open-and-obvious doctrine was inapplicable to this case. We disagree.

This Court reviews de novo a trial court's ruling regarding a motion for summary disposition. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). When reviewing a motion brought pursuant to MCR 2.116(C)(10), this Court "must consider the pleadings, affidavits, depositions, admissions, and any other documentary evidence in favor of the party opposing the motion." *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 202; 544 NW2d 727 (1996). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

"In order for plaintiff to establish a prima facie case of negligence, he must prove (1) that defendant owed a duty to him, (2) that defendant breached that duty, (3) that defendant's breach of duty was a proximate cause of his damages, and (4) that he suffered damages." *Taylor v Laban*, 241 Mich App 449, 452; 616 NW2d 229 (2000). However, "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). The open-and-obvious doctrine applies to actions "based on premises liability, but not ordinary negligence." *Hiner v Mojica*, 271 Mich App 604, 615; 722 NW3d 914 (2006). "[T]he applicability of the open and obvious danger doctrine depends on the theory underlying the negligence action." *Id*.

Here, plaintiff's complaint indicates that his claim is based on Tru-Wall's alleged violation of its duty owed to plaintiff by:

> (a) leaving the re-rod exposed and sticking out;
>
> (b) failing to remove the re-rod from sticking out;
>
> (c) failing to leave warnings that the re-rod was sticking out and creating a dangerous condition[;]
>
> (d) In otherwise failing to act as a reasonable and prudent contractor, under like and similar circumstances;
>
> (e) Other acts of negligence, which are herewith reserved for the time of trial.

Plaintiff alleged that his injuries were caused by Tru-Wall's conduct in leaving the metal rod exposed and failing to remove it before plaintiff arrived on the job site. Plaintiff is not claiming that his injuries arose solely from a dangerous condition on the land. As a result, plaintiff's claim sounds in ordinary negligence and not premises liability. *Hiner*, 271 Mich App at 615 (stating that the "plaintiff's claim . . . based on [the] defendant's failure to reasonably

control the dog" was based on ordinary negligence); see also *Woodman v Kera, LLC*, 280 Mich App 125, 153; 760 NW2d 641 (2008) (opinion of TALBOT, J.) ("When an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the condition on the property, the action sounds in premises liability."). Accordingly, the trial court properly found that the open-and-obvious doctrine was inapplicable to the instant case.

Second, Tru-Wall asserts that the trial court erred by denying its motion for summary disposition on the basis that there was a genuine issue of material fact concerning whether Tru-Wall breached its duty by leaving the rebar or grounding rod "sticking out" of the foundation.

Typically, "whether a duty exists depends in part on foreseeability: whether it was foreseeable that a defendant's conduct may create a risk of harm to another person and whether the result of that conduct and intervening causes was foreseeable." *Ghaffari v Turner Const Co (On Remand)*, 268 Mich App 460, 465; 708 NW2d 448 (2005) (quotation marks and citations omitted). "Although a subcontractor has no duty under the common work area doctrine[1] to make a work site safe for the employees of another subcontractor, a subcontractor has a *common-law duty* to act in a manner that does not cause unreasonable danger to the person or property of others[.]" *Id*. (citation omitted; emphasis added). Further, a "plaintiff can raise a legitimate claim of active negligence by showing that [a] defendant negligently performed an act and that its negligent performance was likely to result in harm." *Johnson v A & M Custom Built Homes of West Bloomfield, LPC*, 261 Mich App 719, 725; 683 NW2d 229 (2004).

Here, Tru-Wall, as a subcontractor, owed a duty to plaintiff "to act in a manner that does not cause unreasonable danger to the person or property of others[.]" *Ghaffari*, 268 Mich App at 465. Viewing the evidence in the light most favorable to the nonmoving party, plaintiff established a genuine issue of material fact regarding whether Tru-Wall breached its duty by negligently leaving the rebar or grounding rod "sticking out" of the foundation.

In its motion for summary disposition, Tru-Wall argued that it owed no duty to plaintiff because Tru-Wall and plaintiff were both subcontractors. Tru-Wall poured the foundation approximately two months before plaintiff's injury. In addition, Tru-Wall asserted that "there was no evidence that Tru-Wall performed its job in a negligent manner or created a new hazard for [plaintiff]." To support its position, Tru-Wall noted that witnesses testified that a grounding rod was required by law to be installed in new home constructions. Tru-Wall noted that plaintiff admitted he was aware of this regulation and that there was no evidence that any other workers

---

[1] The common work area doctrine "is an exception to the general rule of nonliability of property owners and general contracts for injuries resulting from the negligent conduct of independent subcontractors or their employees." *Ormsby v Capital Welding, Inc*, 471 Mich 45, 55-56; 684 NW2d 320 (2004). However, for "a general contractor to be held liable under [the doctrine], a plaintiff must show that (1) the defendant, either the property owner or general contractor, failed to take reasonable steps within its supervisory and coordinating authority (2) to guard against readily observable and avoidable dangers (3) that created a high degree of risk to a significant number of workmen (4) in a common work area." *Id*. at 54.

were injured between the time that Tru-Wall installed the rod and the day of plaintiff's accident. Finally, Tru-Wall contended that Tru-Wall employees did not "haphazardly erect[] a dangerous condition on the premises" and that there was no evidence that Tru-Wall failed to exercise care in installing the rod.

In his response, plaintiff asserted that Tru-Wall owed a duty to plaintiff. Further, plaintiff contended that the metal bar in question "was left sticking out of the foundation by over 1 foot[,] creating a hazard." In support of his position, plaintiff noted that evidence from plaintiff and his coworker indicated that the bar should not have been "sticking out" of the foundation wall and that true grounding rods are different from the item in question. Plaintiff concluded that there was no evidence that supported Tru-Wall's position that it was required by the building code to install the bar in the manner that it was installed.

The trial court found that there was no genuine issue of material fact concerning whether Tru-Wall owed a duty to plaintiff; it concluded that such a duty existed. However, the trial court concluded that there was a genuine issue of material fact concerning whether Tru-Wall breached its duty in installing the foundation wall with the rod. We find no error with regard to the trial court's conclusions. Although there is evidence in the record that supports Tru-Wall's contention that grounding rods are required to be installed in all new home constructions, it is unclear whether the metal bar in question was a true and properly-installed grounding rod. As a result, the trial court's denial of summary disposition was proper because "giving the benefit of reasonable doubt to [plaintiff] would leave open an issue upon which reasonable minds might differ" regarding whether Tru-Wall breached its duty by negligently installing the bar. *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997).

Tru-Wall also appears to be arguing that the trial court used an improper standard in evaluating Tru-Wall's motion.

MCR 2.116(C)(10) states that summary disposition is proper if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." Further:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her. [MCR 2.116(G)(4).]

"The moving party may thus satisfy its burden under MCR 2.116(C)(10) by submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim *or* by demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, __ Mich __, __; __ NW2d __ (2016) (Docket No. 153025); slip op at 5 (quotation marks and citations omitted). The Michigan Supreme Court stated that MCR 2.116(C)(10) "plainly requires the

adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Id.*, slip op at 6. (quotation marks and citation omitted).

In Tru-Wall's motion for summary disposition, it asserted that it did not breach a duty because it was required by law to install the alleged grounding rod. However, plaintiff responded that evidence indicated that the bar was not actually a grounding rod, and that it should not have been "sticking out" of the foundation. Therefore, plaintiff set forth a genuine issue for trial. *Id.* A finder of fact must determine whether Tru-Wall breached its duty by leaving the item in its position and if this caused plaintiff's fall. Accordingly, the trial court's denial of summary disposition was proper. *Shallal*, 455 Mich at 609. The trial court properly stated that plaintiff had not *definitively* demonstrated Tru-Wall's negligence but that plaintiff sufficiently set forth a genuine issue of material fact for trial.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter

-5-