*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LUCILLE DUENAS,

       Plaintiff-Appellee,

UNPUBLISHED
September 10, 2020

v

No. 348666
Wayne Circuit Court
LC No. 17-017864-NO

S.T.C., INC., doing business as MCDONALD'S,

       Defendant-Appellant.

Before: JANSEN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court order denying its motion for summary disposition in this premises liability action in which plaintiff claimed that she slipped and fell in defendant's restaurant. Because plaintiff failed to demonstrate defendant's notice of the existence of the condition, we reverse. This appeal is decided without oral argument. MCR 7.214(E)(1)(b).

## I. BASIC FACTS AND PROCEDURAL HISTORY

February 25, 2016 was a wintry, snowy day. There was "moderate" snowfall on the roads and sidewalks, and it continued to snow. Plaintiff drove a client to an appointment in Birmingham, Michigan. Following the appointment, they stopped at defendant's McDonald's restaurant in Lincoln Park, and plaintiff had previously visited this location. Plaintiff was a Michigan resident since the age of 12, and was familiar with snowy conditions.

Plaintiff entered the first door to the busy restaurant and found a rug there with carpet on the top and a rubber backing. There was a "slushy snow" accumulation on this rug. Because of the elements, plaintiff knew that snow would be tracked in on customer's shoes, and the floor might be wet. She wiped her snow boots off on this rug before proceeding through the second

---

[1] *Duenas v STC Inc*, unpublished order of the Court of Appeals, entered August 21, 2019 (Docket No. 348666).

entry door. She passed through this door to the restaurant without incident. At this time, plaintiff did not notice any caution signs or cones. Plaintiff turned to the right to proceed to the restroom. She was unaware of the number of steps that she took or the distance travelled before she fell to the ground.[2] Plaintiff's left leg "was in front" of her, and her right leg went to the side and behind her, almost like a split. Because she was "stunned" by the fall, she had to take her time getting up and could not find anyone who witnessed her fall.[3] Plaintiff did not know what she fell on and did not see anything before her fall; she would have walked around and avoided any such condition if she could have seen it. After the fall, plaintiff did not look immediately for a cause of the fall. She did note that her hands and her coat were wet after the fall. The liquid was clear. When asked how long it was on the floor, plaintiff testified, "No, I don't know how long it was there on the floor." She also did not know where the clear liquid came from, yet denied that it came off her boots. Although it was not easy, she got up after the fall, went to the restroom, and went to advise the employees of her fall.

On her way out of the restroom, plaintiff noticed that the floor was "very slick with something slippery." Plaintiff advised the employees that she was not hurt. A male employee helped plaintiff complete an accident report form.[4] After the fall, plaintiff noticed puddles in the area where customers stood to order their food and orange cones. However, there were no cautions sign along the route to the restroom. Ultimately, plaintiff ate food at the restaurant with her client and left.

After leaving the restaurant, plaintiff took her client to a grocery store. While he was shopping, plaintiff leaned on a grocery cart because she did not feel quite like herself. After taking her client home, plaintiff went back to her office. She took Tylenol, used an ice pack, and left work early. The next day, she sought medical treatment.

Plaintiff filed this premises liability action against defendant, the operator of the restaurant, claiming that it was negligent in maintaining a dangerous condition in the restaurant. She alleged that defendant had notice of the condition and that the condition was not open and obvious. Defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (10), claiming that plaintiff failed to establish that it had notice of the condition in light of her inability, beyond mere speculation, to identify the cause of her fall. Defendant also submitted that the condition was open and obvious and no special aspects existed because a reasonably prudent person would have known that a restaurant floor may be slippery because of the wintery conditions outside. Plaintiff opposed the dispositive motion by asserting that there were factual issues that precluded summary

---

[2] She later estimated taking between two and ten steps.

[3] Plaintiff's client did not witness her fall because he was outside at the time.

[4] Plaintiff claimed that the form she completed was two pages, and only one page was produced. Even if we assume that this information would have favored plaintiff, the report contained plaintiff's account of the accident which was detailed in her deposition. It was clear in the deposition that plaintiff did not know the cause of her fall, and she surmised the floor wetness, experienced after the fact, was the cause. However, she admitted in her deposition that she had no knowledge of how long the condition existed.

disposition. The trial court concluded that a genuine issue of material fact existed regarding whether defendant had notice of the condition and whether the condition was open and obvious.

## II. STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Bennett v Russell*, 322 Mich App 638, 642; 913 NW2d 364 (2018). Summary disposition is appropriate pursuant to MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other admissible documentary evidence then filed in the action or submitted by the parties. MCR 2.116(G)(4), (G)(5); *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 68; 919 NW2d 439 (2018).

## III. SUMMARY DISPOSITION

Defendant contends that the trial court erred in denying its motion for summary disposition because plaintiff failed to demonstrate that it had actual or constructive notice of the existence of a condition that allegedly caused her fall. We agree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012), (citation and quotation marks omitted). A landowner owes an invitee[5] "a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). A landowner breaches this duty if the landowner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id*. To prevail on a premises liability claim, an invitee must establish that the landowner had actual or constructive notice of the condition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 11; 890 NW2d 344 (2016). A landowner has actual notice of a condition if the unsafe condition is caused by the active negligence of defendant or its employees or if the condition existed for a sufficient length of time such that defendant should have had knowledge of it. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001).

In the present case, we conclude that the trial court erred in denying defendant's motion for summary disposition pertaining to the issue of actual or constructive notice of the condition. Specifically, plaintiff failed to allege or present evidence that the condition was caused by the active negligence of defendant or its employees. Thus, a disputed factual issue regarding actual notice of the condition was not demonstrated.

To establish a landowner's constructive notice of a condition, a plaintiff must show that the landowner should have known about the condition because of its character or the duration of

---

[5] Defendant does not challenge plaintiff's status as an invitee to its restaurant.

its presence. *Lowery*, 500 Mich at 11. Plaintiff presented evidence that defendant had placed a rubber mat in its vestibule or foyer area, and this mat was slushy because it was snowing outside. Additionally, she noted that there were puddles and caution cones in the area where customers placed their orders. However, plaintiff did not fall in this area of the restaurant. After entry, plaintiff immediately turned to the right to proceed to the restroom. According to her testimony, plaintiff did not observe any condition that would have caused her danger because she would have avoided any such condition. Plaintiff expressly did not know what caused her fall. After the fall, she found that her hands and her coat were wet. When asked how long the condition was present, plaintiff admitted that she did not know. Despite failing to observe any wet condition when proceeding to the restroom, plaintiff insisted that the wetness did not come from her boots. In light of the testimony, plaintiff failed to demonstrate or offer evidence that defendant knew that there was a liquid substance in the area of the restaurant leading to the restroom.

Plaintiff did not expressly know when or how the condition manifested, how long the condition had existed, or what the condition was. Plaintiff merely assumed that she slipped on water which accumulated from melting snow and ice that customers tracked into the restaurant. However, it was also plausible that plaintiff slipped because her own boots were wet or the condition was created from another customer who walked the same path just minutes before plaintiff. Nevertheless, "[s]peculation and conjecture are insufficient to create an issue of material fact." *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 464-465; 708 NW2d 448 (2005). Therefore, plaintiff failed to create a question of fact regarding whether defendant had constructive notice of the condition. *Lowrey*, 500 Mich at 8-9. Accordingly, the trial court erred when it denied defendant's motion for summary disposition in light of plaintiff's failure to create a question of fact regarding whether defendant had actual or constructive notice of the condition.[6]

Reversed and remanded for entry of an order granting defendant's motion for summary disposition. We do not retain jurisdiction. Defendant, the prevailing party, may tax costs.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron

---

[6] Given our resolution of this issue, we need not address defendant's alternative argument that a question of fact did not exist regarding the open and obvious nature of the alleged dangerous condition.