VANGUARD INSURANCE COMPANY v BOLT

Docket No. 140263. Submitted December 8, 1993, at Detroit. Decided
March 21, 1994, at 10:00 A.M.

Vanguard Insurance Company brought an action in the Oakland
Circuit Court against Brian Bolt, a minor, and Barbara K.
Wargel, seeking a declaration that it had no duty to defend or
indemnify Bolt in an action Wargel brought in the circuit court
against Bolt seeking damages for injuries sustained when Bolt
struck her in the jaw. Vanguard claimed that it had no duty to
defend Bolt under a homeowner's policy issued to Bolt's mother
because of an exclusion for bodily injury that is expected or
intended by the insured. Bolt had pleaded guilty in the Oak-
land County Probate Court of assault and battery with regard
to the incident. The circuit court, Barry L. Howard, J., denied
summary disposition for Vanguard and granted summary dis-
position for the defendants, finding that Vanguard failed to
present evidence that Bolt intentionally struck Wargel and
that the guilty plea was insufficient to establish an intentional
tort. Vanguard appealed.

The Court of Appeals *held:*

1. A juvenile conviction is not admissible as substantive
evidence in any civil proceeding. The circuit court did not err
in refusing to consider Bolt's guilty plea in the probate court as
substantive evidence of intent to injure Wargel.

2. Although a defendant's plea of guilty of a specific intent
crime has been found to be dispositive in determining the
applicability of an intentional acts exclusion in an insurance
policy, such a result is not warranted in cases involving a
juvenile's plea of guilty in juvenile court.

3. The circuit court erred in granting the defendants' motion
for summary disposition because there exists a genuine issue of

REFERENCES

Am Jur 2d, Insurance §§ 578, 580, 581, 585; Juvenile Courts and
Delinquent and Dependent Children §§ 55, 56; Summary Judg-
ment §§ 26, 27, 35, 36.

Construction and application of provision of liability insurance
policy expressly excluding injuries intended or expected by in-
sured. 31 ALR4th 957.

material fact with regard to the credibility of Bolt's testimony regarding his intent in striking Wargel.

Reversed and remanded.

1. EVIDENCE — CIVIL PROCEEDINGS — JUVENILE CONVICTIONS — SUBSTANTIVE EVIDENCE.

Juvenile convictions are not admissible as substantive evidence in any civil proceeding (MCL 712A.23; MSA 27.3178[598.23]).

2. INSURANCE — MOTIONS AND ORDERS — SUMMARY DISPOSITION — GUILTY PLEAS — SPECIFIC INTENT CRIMES — INTENTIONAL ACTS — JUVENILES.

Although a defendant's plea of guilty of a specific intent crime has been found to be dispositive in determining the applicability of an intentional acts exclusion in an insurance policy, the same result is not warranted in cases involving a juvenile's plea of guilty in juvenile court (MCL 712A.23; MSA 27.3178[598.23]).

3. MOTIONS AND ORDERS — SUMMARY DISPOSITION — CREDIBILITY — MOTIVE — INTENT.

The granting of a motion for summary disposition is especially suspect where motive and intent are at issue or where a witness or deponent's credibility is crucial; therefore, where the truth of a material factual assertion of a moving party depends upon a deponent's credibility, there exists a genuine issue for the trier of fact and a motion for summary disposition should not be granted.

*G. W. Caravas & Associates, P.C.* (by *Gary W. Caravas*), for Vanguard Insurance Company.

*Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Albert C. Leader*), for Barbara K. Wargel.

*Kathleen Bohner-Solomon,* for Brian Bolt.

Before: GRIFFIN, P.J., and MACKENZIE and J. E. MIES,* JJ.

GRIFFIN, P.J. In this declaratory judgment action concerning an intentional acts exclusion in a homeowner's insurance policy, plaintiff appeals as

* Circuit judge, sitting on the Court of Appeals by assignment.

of right from an order of the Oakland Circuit Court denying its motion for summary disposition and granting summary disposition to defendants. We reverse and remand for further proceedings consistent with this opinion.

I

On January 31, 1989, defendant Brian Bolt, a fourteen-year-old student at Mason Middle School in Waterford Township, was suspended from riding the school bus for five days. The suspension arose out of Bolt's alleged vandalism of a school bus the previous day. Acting on his claimed belief that his suspension would not take effect until the following morning, Bolt attempted to ride home on a bus at the end of the school day. After Bolt boarded one of the school buses, the driver summoned the school bus monitor, defendant Barbara Wargel. Wargel entered the bus and spoke to the bus driver. The bus driver then ordered Bolt off the bus. After Bolt and Wargel got off the bus, Bolt screamed "Fuck you," at Wargel and simultaneously "moved [his] arm up to flip her the finger." As a result of this motion, Wargel was struck in the lower left jaw by Bolt's hand. Bolt was suspended from school for five days as a result of the incident and charged in juvenile court with aggravated assault. On June 15, 1989, Bolt pleaded guilty in the Oakland County Probate Court of the lesser offense of assault and battery.[1]

---

[1] The probate court elicited the following factual basis for defendant's assault and battery plea:

> *The Court:* In back of the building? Did you touch her first?
> *Brian Bolt:* Yes.
> *The Court:* Okay. Specifically, how did you touch her?
> *Brian Bolt:* I put my finger in her face like that.
> *The Court:* All right. Did your finger touch her face?
> *Brian Bolt:* Yes.

On October 26, 1989, Wargel brought a negligence action against Bolt in the circuit court to recover damages arising from the "severe blow to [her] face." Following the filing of the lawsuit, Bolt requested that, pursuant to the terms of a homeowner's insurance policy issued to his mother, plaintiff Vanguard Insurance Company defend and indemnify him against any judgment that might be rendered against him. On October 25, 1990, Vanguard filed the instant declaratory judgment action in the circuit court alleging that it had no duty to defend or indemnify Bolt under its insurance policy because of a policy exclusion for bodily injury "which is expected or intended by the insured."[2]

Thereafter, all parties moved for summary disposition pursuant to MCR 2.116(C)(10). Vanguard argued that, on the basis of Bolt's plea of guilty of assault and battery, there was no genuine issue of material fact regarding the applicability of the intentional acts exclusion in its policy.[3] Defendants disagreed and claimed that there was no factual dispute regarding Bolt's intent in striking Wargel because Vanguard had presented no evidence that Bolt acted in an intentional manner. In granting defendants' motion for summary disposition, the

---

*The Court:* Okay. When you put your finger in her face, as you say, did you say anything to her?
*Brian Bolt:* Yes.
*The Court:* What did you say?
*Brian Bolt:* Fuck you.
*The Court:* Did you threaten her?
*Brian Bolt:* No.

[2] Pursuant to MCR 2.201(E), the circuit court erred in allowing the instant action to proceed without appointing a guardian ad litem to represent Brian Bolt. Because Bolt is no longer a minor, the previous procedural deficiencies under MCR 2.201(E) are moot.

[3] Vanguard's motion for summary disposition relied solely on Bolt's testimony at his deposition in which he admitted that he had pleaded guilty of assault and battery as a result of the incident with Barbara Wargel.

circuit court agreed with defendants and ruled that Vanguard "failed to present evidence that Brian Bolt intentionally struck Barbara Wargel." Additionally, although the circuit court found that MCL 712A.23; MSA 27.3178(598.23) precluded the consideration of Bolt's probate court proceeding in the instant action, the court concluded that Bolt's plea of guilty of assault and battery was "insufficient to establish an intentional tort."

II

Plaintiff first argues on appeal that a juvenile's admission of a conviction of a specific intent crime should be admissible in a declaratory judgment action. We disagree. Although juvenile convictions have been deemed admissible for impeachment of a witness not a party to an action, *People v Poindexter,* 138 Mich App 322, 327; 361 NW2d 346 (1984), and for sentencing purposes, *People v McFarlin,* 389 Mich 557, 575; 208 NW2d 504 (1973), they are not admissible as substantive evidence in any civil proceeding. See MCL 712A.23; MSA 27.3178(598.23). Accordingly, the circuit court did not err in refusing to consider defendant Brian Bolt's plea of guilty of assault and battery in juvenile court as substantive evidence of defendant's intent.

III

Plaintiff further argues that defendant Bolt's guilty plea should be conclusive with regard to the issue of his intent as a matter of public policy. We disagree. Although a defendant's plea of guilty of a specific intent crime has been found dispositive in determining the applicability of an intentional acts exclusion in an insurance policy, see *State*

*Farm Fire & Casualty Co v Johnson,* 187 Mich
App 264, 266-267; 466 NW2d 287 (1991); *Trans-
america Ins Corp of America v Boughton,* 177
Mich App 253, 256; 440 NW2d 922 (1989); *State
Farm Fire & Casualty Co v Groshek,* 161 Mich
App 703, 711-712; 411 NW2d 480 (1987), we dis-
agree that such a result is warranted in cases
involving a juvenile, in light of the clear con-
straints of MCL 712A.23; MSA 27.3178(598.23).

IV

Finally, plaintiff argues that the circuit court
erred in granting defendants' motion for summary
disposition. We agree. The granting of a motion for
summary disposition is especially suspect where
motive and intent are at issue or where a witness
or deponent's credibility is crucial. *Metropolitan
Life Ins Co v Reist,* 167 Mich App 112, 121; 421
NW2d 592 (1988); *Crossley v Allstate Ins Co,* 139
Mich App 464, 468; 362 NW2d 760 (1984). Accord-
ingly, where the truth of a material factual asser-
tion of a moving party depends upon a deponent's
credibility, there exists a genuine issue for the
trier of fact and a motion for summary disposition
should not be granted. See *Brown v Pointer,* 390
Mich 346, 354; 212 NW2d 201 (1973); *Metropolitan
Life, supra.*

In the instant case, defendants' motion for sum-
mary disposition was supported solely by Bolt's
testimony at his deposition and the testimony of a
witness who observed that Bolt "did not rear back
and hit [Wargel] with a closed fist." Bolt testified
at his deposition that he was not sure whether he
hit Wargel in the face. He further testified that if,
in fact, he did strike Wargel, it was not done
intentionally. Because the truth of Bolt's testi-

mony regarding his intent in striking Wargel is a credibility question, we are convinced that there exists a genuine issue of material fact to be decided at trial by the trier of fact. Accordingly, the circuit court erred in granting defendants' motion for summary disposition.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.