# STATE OF MICHIGAN

# COURT OF APPEALS

---

BRENDA MCCONNER as Personal
Representative of the ESTATE OF GRACE
LEWIS,

Plaintiff-Appellant,

v

NEW HORIZON REHABILITATION
SERVICES, INC., and SANDRA SMITH,

Defendants-Appellees.

UNPUBLISHED
December 1, 2015

No. 322922
Oakland Circuit Court
LC No. 2012-127632-NO

---

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, acting as personal representative of the estate of the decedent, appeals as of right the trial court's order granting summary disposition in favor of defendants, a vocational and rehabilitation facility and one of its employees, in this wrongful death action. We reverse and remand for further proceedings.

Plaintiff argues the evidence before the trial court established material questions of fact regarding defendants' alleged negligence during the events leading up to decedent's death. We hold that the trial court mistakenly excluded admissible evidence as hearsay, which when properly considered establishes a question of material fact precluding summary disposition.[1]

## I. FACTS

New Horizons provides vocational and rehabilitation services to people with disabilities. In 2010, Grace Lewis, who suffered from mental and psychological disabilities, began receiving

---

[1] Plaintiff's challenges to the trial court's evidentiary rulings were not explicitly presented in her statement of the questions presented. See MCR 7.12(C)(5). This Court is not obligated to address issues not germane to those included in the statement of questions presented. *Meagher v McNeely & Lincoln, Inc*, 212 Mich App 154, 156; 536 NW2d 851 (1995). But, in the interests of justice, we will address those issues despite the imperfect presentation.

vocational services at New Horizon. Due to the seriousness of Ms. Lewis' conditions, she required one on one monitoring by staff at all times. On February 24, 2011, defendant Sandra Smith was decedent's assigned vocational instructor.

Decedent had a known habit of eating too quickly and sometimes choking on her food. For those reasons, a prior instructor had cut up decedent's food and gave her only one or two pieces at a time. Smith was also aware of decedent's habits, and the precautions taken by her predecessor. On February 24, 2011, during lunch, Smith cut decedent's sandwich into numerous pieces before allowing decedent to eat it. When decedent began to eat too fast Smith advised her to slow down, which decedent did before continuing.

According to Smith's deposition testimony, after this exchange decedent ran from the lunchroom into the bathroom, and Smith immediately followed. Smith stated that decedent fell to the floor and refused to get up, but did not exhibit any signs of distress. She further stated that another employee was present in the bathroom and that she herself sought assistance after the two of them could not raise decedent from the floor. A short time later decedent's case manager entered the bathroom, who, with the assistance of other employees, moved decedent to another room to change her because decedent had soiled her pants. In that other room, a different employee noticed for the first time that decedent was having difficulty breathing. Emergency medical services were summoned, and arrived shortly thereafter. EMS personnel worked on decedent for approximately twenty minutes at New Horizon before transporting her to the hospital, where she died the next day of asphyxiation and other complications arising from choking on her sandwich. Smith has consistently maintained that she remained with decedent at all times until EMS personnel arrived. All deposition statements of employees of the defendant facility, as well as incident reports created by employees and EMS personnel, indicate that Smith was present with decedent at all times, and that no employee observed any outward signs of choking until after decedent was moved from the bathroom to the adjacent room.

However, plaintiff offered a medical expert's affidavit opining that a person who was choking would normally exhibit plainly observable symptoms of physical distress. Further, handwritten notes on a consultation request form from the hospital indicated that decedent was found unsupervised in the bathroom on the floor. Additionally, a family member of the decedent, who was present at the hospital on the day in question, stated in deposition that an unnamed woman, identifying herself as an employee of the defendant facility, told the family member that decedent ran to the bathroom alone and was followed only after her instructor had not seen her for some time. Also, according to this account, decedent was left alone in the bathroom while facility employees sought help from other staff members. Facility employees who were present at the hospital deny that this conversation occurred.

Plaintiff commenced this action, alleging that defendants negligently caused decedent's death. After extensive discovery, defendants filed motions requesting summary disposition under MCR 2.116(C)(8) and (C)(10). The trial court ruled that both the note and the deposition statements of the family member were inadmissible hearsay, and it did not consider that evidence when evaluating the motions. The trial court, on the basis of the evidence it did consider, held that no question of material fact had been established concerning defendants' negligence, and so granted summary disposition in favor of defendants under MCR 2.116(C)(10).

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Lucas v Awaad*, 299 Mich App 345, 358-359; 830 NW2d 141 (2013). Review of a decision under MCR 2.116(C)(10) is limited to the evidence that was before the trial court when the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Id.*

## III. ANALYSIS

### A. EVIDENCE CONSIDERED BY THE TRIAL COURT

Summary disposition under MCR 2.116(C)(10) tests the evidentiary support for a claim, and the moving party has the initial burden of identifying issues over which there are no questions of material fact. *Innovative*, 285 Mich App at 475. The burden then shifts to the nonmoving party, who must go beyond the allegations and denials in pleadings "to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). See also MCR 2.116(G)(4). The parties must support their respective positions with admissible evidence in the form of affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3)(b) and (G)(6). All documentary evidence must be evaluated in the light most favorable to the nonmoving party. *Innovative*, 285 Mich App at 475. An issue of material fact may be found if this evaluation "leaves open an issue upon which reasonable minds might differ." *Id.* (internal quotation marks and citation omitted).

However, "speculation and conjecture are insufficient to create an issue of material fact." *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 464; 708 NW2d 448 (2005). A motion under MCR 2.116(C)(10) is properly granted "if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Quinto*, 451 Mich at 362. Summary disposition may be inappropriate when motive or intent are at issue, or the credibility of a deponent is crucial. See *White v Taylor Distrib Co*, 275 Mich App 615, 630; 739 NW2d 132 (2007), aff'd 482 Mich 136; 753 NW2d 591 (2008); *Vanguard Ins Co v Bolt*, 204 Mich App 271, 276; 514 NW2d 525 (1994).

At issue in this case is whether sufficient evidence was presented to establish a question of material fact concerning whether defendants breached their duty to exercise ordinary care

while supervising decedent.[2] The trial court decided this question without considering the hospital intake notes, or the deposition testimony whereby decedent's family member told of an unnamed facility employee's account of decedent's entering the bathroom alone, on the grounds that they were inadmissible hearsay.

Plaintiff argues that the trial court erred in failing to recognize a question of material fact even without recourse to that excluded evidence, first arguing that Smith's admitted disinclination to hand-feed decedent her sandwich created a question for the jury regarding a breach of duty. We disagree.

The defendant employee's common law duty was to supervise decedent in the same manner as would a reasonable person in the same circumstances. See *Case v Consumers Power Co*, 463 Mich 1, 6-7; 615 NW2d 17 (2000). The parties do not dispute that Smith had knowledge of decedent's eating habits, her risk of choking, and the precautions taken by other employees in the past, but neither do the parties dispute that Smith followed all applicable protocols. Smith's uncontroverted deposition statements indicate that she took reasonable precautions to ensure safety when she cut up the sandwich and advised decedent to eat slower.

Typically it is for a jury to decide if a defendant's conduct meets the requisite duty of care, but if an overwhelming public policy concern arises, the court may decide. See *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). It can always be argued in hindsight that more could have been done to prevent an accident. This alone does not mean that those who work with the disabled should be liable every time their disinclination to take additional precautions coincides with a tragedy. Stated differently, declining to exercise *extraordinary*, as opposed to merely ordinary, care does not constitute common-law negligence. See *Campbell v Kovich*, 273 Mich App 227, 231-232; 731 NW2d 112 (2006). Accordingly, Smith's deposition testimony alone does not establish a question of material fact regarding negligence.

The parties recognize that it is not the prerogative of a trial court to weigh the credibility of witnesses when considering motions for summary disposition. See *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994); *White*, 275 Mich App at 625. Plaintiff argues that the credibility of Smith's testimony is sufficiently central to the outcome of the case as to render summary disposition inappropriate even if other evidence does not contradict it. Moreover, plaintiff argues that the statements by a medical expert regarding the physical symptoms of choking provide a basis upon which a reasonable juror could choose to disbelieve the deposition testimonies of the defendant facilities employees.

---

[2] Negligence requires proof of the following elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011).

Plaintiff attempts to liken the present case to *White* to support her argument that an assessment of the defendant employee's credibility is crucial to resolution of this case.[3] We agree that if Smith was in fact negligent, she had a motive to testify falsely. However, unlike *White* and similar cases, ample admissible documentary evidence describes the crucial events. Testimony of other witnesses, incident reports filed the same day, and testimony and notes from EMS personnel all support the version of events accepted as uncontroverted by the trial court. Moreover, Smith's own testimony does not contain significant inconsistencies, which might themselves raise questions of credibility. The present case is distinguishable from *White* and related cases because its outcome does not depend solely on the credibility behind one person's subjective account of the pertinent events.

Further, the medical expert's affidavit did not create serious credibility concerns, as it offered little more than an invitation to speculate concerning the credibility of the witnesses, who consistently maintained that no one observed decedent having difficulties breathing. See *Ghaffari*, 268 Mich App at 464. Jurors are always free to disbelieve any witnesses or other evidence even when overwhelming, or uncontradicted, *Guerrero v Smith*, 280 Mich App 647, 669; 761 NW2d 723 (2008), but that does not excuse the nonmoving party's burden to offer evidence to put at issue a question of material fact or otherwise establish that summary disposition is inappropriate as a matter of law. An argument relying exclusively on speculation regarding a possible alternative chain of events amounts to nothing more than an inadequate denial of the moving party's well-supported position. See MCR 2.116(G)(4). To the extent that plaintiff relies on the medical expert's opinion, plaintiff has failed to present evidence contrasting the accounts of defendants' witnesses for jurors to consider, or to otherwise place credibility seriously at issue. See *Ghaffari*, 268 Mich App at 465.

For these reasons, we agree with the trial court that the evidence it chose to consider did not create a question of material fact for jury resolution.

## B. HEARSAY

Hearsay, meaning a person's unsworn, out-of-court statement offered in evidence to prove the truth of the matter asserted, is generally inadmissible, subject to several exemptions

---

[3] In *White*, the crux of the defendant's argument to rebut a statutory presumption of negligence using the sudden-emergency doctrine was whether deposition testimony that he "blacked out just before the accident, and that he did not experience sweating, dizziness, or unsteadiness" until moments before, was believed. 275 Mich App at 627. This evidence was inherently subjective in nature, and there existed substantial motive for the defendant to testify in a way that would avoid liability. Accordingly, this Court concluded that the plaintiff was entitled to the opportunity to have jurors assess his credibility. *Id.* at 630. The Supreme Court affirmed, determining that factual and credibility issues existed, but did so solely on the basis of inconsistencies in the deponent's testimony. *White*, 482 Mich at 142.

and exceptions as provided by the rules of evidence. MRE 801-805. Those exceptions include "[s]tatements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history . . . insofar as reasonably necessary to such diagnosis and treatment." MRE 803(4). This exception recognizes "(1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *People v Duenaz*, 306 Mich App 85, 95; 854 NW2d 531 (2014) (internal quotation marks and citation omitted). Plaintiff argues the hospital intake notes fell within this exception and thus the trial court erred in declining to take them into account. We disagree.

The contents of the notes at issue concerned decedent being unsupervised; not unresponsive. Unlike information regarding length of unresponsiveness, a general statement regarding lack of supervision without any reference to time is not reasonably "necessary to . . . diagnosis or treatment." MRE 803(4). See also *Duenaz*, 306 Mich App at 95. Accordingly, the notes did not satisfy the requirements of MRE 803(4), and thus were properly excluded as inadmissible hearsay.

However, we hold that the trial court erred in declining to admit the alleged conversation between decedent's family member and the unnamed employee of New Horizon. Admissions by a party opponent are not hearsay if made "by the party's agent . . . concerning a matter within the scope of the agency or employment, made during the existence of the relationship." MRE 801(d)(2)(D). For such evidence to be admitted, the proponent of the evidence must establish that the declarant was an employee of the opposing party. See *Bachman v Swan Harbour Assoc*, 252 Mich App 400, 440; 653 NW2d 415 (2002). In *Bachman*, this Court held that an alleged conversation with someone the plaintiff believed to be an employee of the defendant was inadmissible hearsay on the ground that the plaintiff failed to affirmatively establish that the declarant actually had an agency relationship with the defendant. *Id*. However, nothing in *Bachman* suggests that specifying the name of the declarant is important so long as the proponent of the evidence establishes that agency relationship.

In the present case, the deposition testimony of decedent's family member indicates that when she arrived at the emergency room there were two women present, one whom she knew and the other an unnamed "young white lady." Before talking to the family member, the "young white lady" allegedly identified herself as an employee of New Horizon. After the conversation at issue, another woman, who identified herself as a supervisor for New Horizon, entered the room. Decedent's family member asserted that the supervisor said that the other unnamed woman did not know the whole story and dismissed her. When the family member later discussed the accident with her family she learned that the supervisor told them a version of events that was significantly different from what she was told by the unnamed employee.

Defendants concede that there were in fact two employees of New Horizon at the hospital; one was decedent's case manager, and the other was indeed a young, white female. Although defendants raised credibility arguments concerning the family member's account, they did not ask the trial court to rule that this declarant's existence or identity as an agent of the defendant facility was insufficiently established. The statements at issue, then, were arguably attributed to 1) a person identified as an agent of the opposing party, 2) concerning a matter within the scope of her employment, 3) during the existence of that relationship. See MRE

801(d)(2)(D). Accepted at face value and considered in the light most favorable to the non-moving party, these statements present a plausible alternative chain of events for jurors to consider, in direct conflict with the other accounts offered into evidence. Such testimony is certainly sufficient to establish a genuine issue of material fact precluding summary disposition, and it places the credibility of other evidence on record at issue. Determining the truth of conflicting accounts is the business of the trier of fact. See *White*, 275 Mich App at 625. Accordingly, the trial court's error in excluding that deposition from consideration when evaluating the parties' motions for summary disposition requires reversal. See MRE 103(a).

For these reasons, we reverse the trial court's decision to grant summary disposition for defendants and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra