# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL BARNETT SPENCER,

      Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
September 14, 2017

No. 332111
Wayne Circuit Court
LC No. 14-013973-NI

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

      In this no-fault personal protection insurance (PIP) case, the trial court granted summary disposition in favor of defendant, State Farm Mutual Automobile Insurance Company, pursuant to MCR 2.116(C)(10), on the basis of a fraud-exclusion clause in defendant's policy. In seeking summary disposition, defendant alleged that plaintiff, Michael Barnett Spencer, made fraudulent statements concerning his need for replacement services during a deposition undertaken in connection with his suit against defendant. Plaintiff appeals by right the trial court's order granting summary disposition after finding that no genuine issue of material fact existed regarding whether plaintiff's deposition statements were fraudulent and precluded coverage under the policy. We reverse.

      Plaintiff sustained accidental bodily injury when he was involved in a motor vehicle accident on October 17, 2013. After the accident, plaintiff required assistance with routine home activities, and sought help from his sister, Barbara Cooper. Cooper submitted weekly activity logs referred to as "calendars" to defendant, and defendant agreed to reimburse Cooper for her services pursuant to plaintiff's no-fault policy through January 15, 2014. Although defendant determined that as of January 16, 2014, plaintiff was no longer entitled to reimbursement for in-home services, Cooper continued to provide services and document her daily activities.

      On October 29, 2014, plaintiff filed a complaint against defendant alleging breach of contract for defendant's denial of continued replacement services after January 15, 2014, and for defendant's denial of uninsured motorist coverage. Plaintiff also requested a declaratory judgment specifying the amount defendant was required to reimburse plaintiff for continued replacement services.

-1-

On February 10, 2016, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), alleging that plaintiff made fraudulent misrepresentations during an earlier deposition conducted in relation to the pending lawsuit. Defendant claimed that inconsistencies between plaintiff's testimony and testimony from Cooper in a separate deposition established that plaintiff sought reimbursement for household services provided between January 2015 and August 2015 that Cooper never performed. According to defendant, plaintiff's allegedly fraudulent misrepresentations precluded recovery under plaintiff's no-fault policy for either replacement services or uninsured motorist coverage. The trial court granted the motion.

On appeal, plaintiff argues that the trial court erred in concluding that there was no question of material fact regarding whether representations plaintiff made during his deposition were fraudulent. We agree.

We review de novo a trial court's decision to grant or deny summary disposition. *Johnson v Recca*, 492 Mich 169; 173; 821 NW2d 520 (2012). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999) (citation omitted). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court has explained that

> [t]he granting of a motion for summary disposition is especially suspect where motive and intent are at issue or where a witness or deponent's credibility is crucial. Accordingly, where the truth of a material factual assertion of a moving party depends upon a deponent's credibility, there exists a genuine issue for the trier of fact and a motion for summary disposition should not be granted. [*Vanguard Ins Co v Bolt*, 204 Mich App 271, 276; 514 NW2d 525 (1994) (citations omitted).]

Plaintiff's no-fault policy with defendant contains a general fraud provision, which provides that defendant will not provide coverage "for any 'insured' who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." There is no dispute that under this provision, recovery under the policy would be precluded by any "fraudulent statements" or "fraudulent conduct" by plaintiff in connection with the accident or the claimed amount of damages. This appeal turns on whether the trial court properly determined that no genuine issue of material fact existed regarding whether plaintiff's deposition statements were fraudulent.

Reliance on an exclusionary clause in an insurance policy is an affirmative defense; therefore, defendant has the burden of proof. An "insurance company has the burden to prove that one of the policy's exclusions applies." *Auto-Owners Ins Co v Seils*, 310 Mich App 132, 146; 871 NW2d 530 (2015). Thus, to obtain summary disposition the insurer must show that

there is no question of material fact as to any of the elements of its affirmative defense. MCR 2.116(C)(10). This Court has defined the elements of fraud in this context as follows:

> "[t]o void a policy because the insured has willfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim." [*Bahri v IDS Property Cas Ins Co*, 308 Mich App 420, 424-425; 864 NW2d 609 (2014), quoting *Mina v Gen Star Indemnity Co*, 218 Mich App 678, 686; 555 NW2d 1 (1996), rev'd in part on other grounds 455 Mich 866 (1997).]

The trial court erred when it concluded that no genuine issue of material fact existed regarding whether plaintiff made fraudulent statements or engaged in fraudulent conduct. The trial court erroneously accepted defendant's argument that this Court's opinion in *Bahri*, 308 Mich App 420, controls. Like plaintiff here, the plaintiff in *Bahri* maintained a no-fault policy that included a provision withholding coverage from "any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy." *Id*. at 423-424. In that case, we held that summary disposition is appropriate where such policy exclusions exist and reasonable minds could not differ on the issue of fraud. *Id*. at 426. However, this case is easily distinguishable, and *Bahri* does not control. The plaintiff in *Bahri* sought compensation for replacement services provided over the 19 days *before* her accident. *Id*. at 425. Additionally, the *Bahri* plaintiff was videotaped performing activities inconsistent with the limitations she claimed to suffer and running errands for about 8 hours on a day for which she claimed to require assistance. *Id*. In contrast, plaintiff has not sought reimbursement for services provided before his accident. There is no indisputable evidence, such as the videotape in *Bahri*, that plaintiff performed activities inconsistent with his claimed limitations or requested reimbursement for services not actually rendered. Here, defendant claims that inconsistencies in deposition testimony, without more, constitute conclusive evidence of fraud to support summary disposition.

Plaintiff's deposition testimony regarding Cooper's assistance between January 2015 and August 2015 may be inconsistent with Cooper's deposition testimony on the same subject. Plaintiff responded "yes" to defense counsel's question of whether Cooper provided services "every day" during that period, while Cooper testified that she had undergone hand surgery in April 2015 and had been incapable of providing services for months after. However, we are required to view all of the evidence in a light most favorable to plaintiff. In support of its motion for summary disposition, defendant provided only a few pages of deposition transcript. While the transcript excerpts support that plaintiff made the statements defendant claims are evidence of fraud, they also illustrate that defendant's argument removes the statements from their context. Defendant argues that plaintiff's claim to receive services "every day" since the accident is clearly false for two reasons. First, because calendars kept by Cooper indicate that between January 2014 and January 2015 she only provided services on weekdays, and second because, as previously discussed, Cooper was unable to provide services on a regular basis after April 2015. However, plaintiff's statements did not directly contradict the available evidence.

The transcript indicates that defense counsel, while questioning plaintiff, handed plaintiff the calendars Cooper prepared to reflect her services between January 2014 and January 2015 before proceeding to question plaintiff on the accuracy of the calendars. The calendars, included with defendant's motion for summary disposition and reflecting only services provided up to January 2015, indicate that Cooper provided services every weekday, excluding a few holidays, during that period. Between two questions clearly regarding the calendars, defense counsel asked plaintiff, "Now, as far as I could tell in looking at those forms they go pretty much *from every day from the accident from January of '15*. Has she given you assistance every day from January '15 through today?" (Emphasis added.) Plaintiff's simple "yes" response to a confusing question is not undisputed evidence of fraud. Defense counsel did not bother to clarify that his question was not related to the documents before plaintiff, or indicate whether "every day" meant every day or every weekday. Given the context, it would not have been unreasonable for plaintiff to assume that defense counsel was simply verifying the accuracy of the documents before him.

The record contains no documentary evidence supporting Cooper's testimony, and the resolution of plaintiff's allegedly inconsistent testimony is an issue of credibility. "[C]ourts 'may not resolve factual disputes or determine credibility in ruling on a summary disposition motion.' " *White v Taylor Distributing Co, Inc*, 275 Mich App 615, 625; 739 NW2d 132 (2007), quoting *Burkhardt v Bailey*, 260 Mich App 636, 646-647; 680 NW2d 453 (2004). Genuine issues of material fact existed regarding the falsity of plaintiff's statements, and summary disposition pursuant to MCR 2.116(C)(10) was inappropriate.

Moreover, genuine issues of material fact exist regarding whether, if plaintiff's statements were false, he knew that they were false or made them recklessly, and whether plaintiff made the statements with the intent that defendant would rely on them. Because a trial court may not make findings of fact or weigh credibility in deciding a motion for summary disposition, *Arbelius v Poletti*, 188 Mich App 14, 18; 469 NW2d 436 (1991), it is rarely appropriate for a court to grant summary disposition in cases involving questions of intent or state of mind, *In re Handelsman*, 266 Mich App 433, 438; 702 NW2d 641 (2005). Viewing the record before the trial court in a light most favorable to plaintiff, we find no evidence on which to determine plaintiff's state of mind or intent to promote reliance on the statements he made during his deposition. The inconsistencies between plaintiff's and Cooper's testimony regarding services rendered between January 2015 and August 15 were not material to the issues presented in the lower court. Plaintiff made clear that he was not seeking reimbursement for services rendered during that time period. And, as previously discussed, the "inconsistencies" defendant alleges exist between plaintiff's and Cooper's testimony regarding services during the time period for which plaintiff seeks reimbursement are not clearly supported by the record. Summary disposition under MCR 2.116(C)(10) was not appropriate.

Reversed. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-4-