*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONALD ROBINSON,

       Plaintiff-Appellant,

and

AMERICAN ANESTHESIA ASSOCIATES, LLC,[1]
and COMFORT CARE REHAB SERVICES, INC.,

       Intervening Plaintiffs,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
March 11, 2021

No. 350450
Macomb Circuit Court
LC No. 2018-003762-NF

Before: LETICA, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant, entered after the court held that there was no genuine issue of material fact as to whether plaintiff was entitled to no-fault benefits under MCL 500.3114(4). We reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident. In 2017, DeJuan Douglas owned two separate tow-truck companies, 313 Towing, LLC (313), and ERS Towing, LLC (ERS). While

---

[1] American Anesthesia Associates, LLC, as an intervening plaintiff, filed a complaint against defendant for unpaid medical services provided to plaintiff as a result of this motor vehicle accident; however, the complaint was dismissed by stipulated order and American Anesthesia Associates is not a party on appeal.

there was no dispute that plaintiff worked as a tow truck driver for Douglas, the parties disputed whether plaintiff worked for 313 or ERS. Plaintiff stated he was employed by 313 since 2015, and received paychecks from 313; however, Douglas stated plaintiff was employed by ERS since 2017, and gave plaintiff checks from ERS. There was no dispute that plaintiff always drove the same tow truck—a red 2004 Chevy 6500 with VIN number ending in 2411, referred to as unit 23, which Douglas claimed was registered to ERS, and had an ERS logo and ERS Department of Transportation (DOT) number on the side.

In October 2017, plaintiff received a towing job and drove the tow truck to pick up a disabled vehicle. Plaintiff pulled into a parking lot near the disabled vehicle and called the customer. While sitting in the tow truck, plaintiff saw another vehicle coming toward the tow truck. Plaintiff grabbed the steering wheel as the vehicle struck the tow truck. As a result, plaintiff suffered injuries to his neck and shoulder and sought medical treatment. At the time of the accident, 313 had an insurance policy with defendant, but the policy did not include the tow truck as a covered vehicle. Additionally, Douglas stated that ERS also had an insurance policy with defendant; however, the policy period was not in effect at the time of the accident, and the policy did not include the tow truck as a covered vehicle.

Plaintiff filed suit against defendant, alleging defendant unreasonably and unlawfully refused or neglected to pay plaintiff personal injury protection (PIP) benefits in accordance with the no-fault act, MCL 500.3101 *et seq*. In response, defendant asserted that plaintiff failed to prove his claim for no-fault benefits.

Defendant moved for summary disposition, arguing that plaintiff was not eligible for benefits under 313's policy because defendant was not the insurer of that tow truck—as required under MCL 500.3114(3). Defendant further contended that it was not liable to pay no-fault benefits under MCL 500.3114(4) because the owner or registrant of that tow truck was ERS and defendant was not its insurer. In support of its claim that ERS was the owner or registrant of the tow truck, defendant relied solely on the deposition testimony of Douglas; no title, registration, or other documentation was produced.

In response, plaintiff argued that defendant was liable for no-fault benefits because plaintiff was an employee of 313, he suffered an injury while in a vehicle owned by 313, and defendant was 313's insurer. In support of his claims, plaintiff relied on his own deposition testimony and numerous "Driver Commission Reports" that were titled "313 Towing" which detailed the towing jobs that plaintiff performed as well as the amount he was paid for each job. Plaintiff argued, in the alternative, that if 313 was not the registrant or owner of the tow truck, at minimum 313 was a constructive owner of it because plaintiff always used that truck during his employment with 313.

The trial court granted defendant's motion for summary disposition, holding that it was undisputed defendant did not insure the subject tow truck so plaintiff was not eligible for no-fault benefits under MCL 500.3114(3). Further, the court held, plaintiff failed to establish that 313 held legal title to the tow truck. Moreover, plaintiff failed to establish that 313 was a constructive owner of the tow truck. In reaching its conclusions, the court noted Douglas's deposition testimony that ERS owned the tow truck, the fact that the tow truck had an ERS emblem on the side, and that the Driver Commission Reports were insufficient to show 313 had proprietary or possessory usage of

the tow truck; thus, plaintiff was not eligible for no-fault benefits under MCL 500.3114(4). This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition, finding there was no genuine issue of material fact as to whether 313 was a constructive owner of the tow truck, and thus, plaintiff was not entitled to no-fault benefits under MCL 500.3114(4). We agree.

This Court reviews de novo a trial court's decision regarding a motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a claim. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 617-618; 873 NW2d 783 (2015). When deciding a motion for summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). But this "Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 5; 763 NW2d 1 (2008).

This Court also reviews de novo whether the trial court properly interpreted and applied the relevant statutes. *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019). In interpreting a statute, the reviewing court's role is to determine the legislative intent that may reasonably be inferred from the express language in the statute. *Id*. If the statutory language is unambiguous, then the statute must be applied as written without judicial interpretation. *Id*. (quotation marks and citation omitted). It is presumed "the Legislature intended the meaning plainly expressed[.]" *Cox v Hartman*, 322 Mich App 292, 298-299; 911 NW2d 219 (2017) (quotation marks and citation omitted).

"The purpose of the Michigan no-fault act is to broadly provide coverage for those injured in motor vehicle accidents without regard to fault." *Iqbal v Bristol West Ins Group*, 278 Mich App 31, 37; 748 NW2d 574 (2008). In general, a person must seek no-fault benefits from his or her own insurer unless an exception in MCL 500.3114(2), (3), or (5) is applicable. *Farmers Ins Exch v Farm Bureau Ins Co*, 272 Mich App 106, 111; 724 NW2d 485 (2006), citing MCL 500.3114(1). Because it was undisputed that plaintiff was injured in his employment as a tow truck driver, MCL 500.3114(3) is the potentially applicable statutory exception. MCL 500.3114(3) states:

> An employee . . . who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle. [MCL 500.3114(3).]

In this case, the trial court did not err in concluding plaintiff was not entitled to no-fault benefits under MCL 500.3114(3). In applying this statutory exception, the main issue was whether defendant insured the tow truck at the time of the accident. However, a review of the record does not establish such coverage. Specifically, neither 313's nor ERS's insurance policy included the

tow truck as a covered vehicle. Because plaintiff failed to provide evidence that defendant insured the tow truck, the trial court properly concluded defendant was not the insurer of highest priority under MCL 500.3114(3).

However, if there is no available "insurer of the furnished vehicle," under MCL 500.3114(3), the trial court should look to MCL 500.3114(4). See *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 302; 876 NW2d 853 (2015). MCL 500.3114(4)[2] states:

Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

Under the plain language, to be the highest priority under MCL 500.3114(4)(a) the insurer need not insure the vehicle involved in the accident, but must insure its owner or registrant.

Defendant asserted that the owner or registrant of the tow truck was ERS, not 313, and thus moved for summary disposition under MCR 2.116(C)(10). As the moving party defendant had the initial burden of supporting, with documentary evidence, its claim that no disputed factual issue existed with regard to the tow truck's owner or registrant. See *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). In support of its motion, defendant relied solely on the deposition testimony of Douglas, its insured.

Plaintiff disputed defendant's claim, presenting his own deposition testimony that 313 owned the tow truck, as well as business records from 313 which detailed the commissions he was paid while working for 313 and driving the subject tow truck—which he had driven for years while employed by 313. Thus, plaintiff argued, even if 313 was not the owner or registrant of the tow truck—although that was unproven by defendant—313 was at least a constructive owner of the tow truck under MCL 500.3101(k)[3] for purposes of the no-fault act. MCL 500.3101(k) defines an "owner" to include:

(*i*) A person renting a motor vehicle or having the use of a motor vehicle, under a lease or otherwise, for a period that is greater than 30 days.

This Court has explained that "having the use of" implies "that ownership follows from *proprietary* or *possessory* usage, as opposed to merely incidental usage under the direction or with the permission of another." *Ardt v Titan Ins Co*, 233 Mich App 685, 691; 593 NW2d 215 (1999).

Considering the evidence in the light most favorable to plaintiff as the nonmoving party, we conclude that a genuine issue of material fact existed on the issue whether 313 was an owner, registrant, or constructive owner of the subject tow truck. Defendant relied solely on the deposition testimony of its insured, Douglas, in support of its argument, and plaintiff disputed that argument

---

[2] MCL 500.3114(4) was amended in the June 2019 legislation reform. 2019 PA 21.

[3] MCL 500.3101(k) has been amended and is now referred to as MCL 500.3101(l). 2019 PA 21.

with his deposition testimony as well as commission reports. Nevertheless, the trial court necessarily accepted the testimony of Douglas in this credibility contest to resolve a genuine issue of material fact in this case—the ownership of the tow truck. As this Court stated in *Vanguard Ins Co v Bolt*, 204 Mich App 271; 514 NW2d 525 (1994):

> The granting of a motion for summary disposition is especially suspect where motive and intent are at issue or where a witness or deponent's credibility is crucial. Accordingly, where the truth of a material factual assertion of a moving party depends upon a deponent's credibility, there exists a genuine issue for the trier of fact and a motion for summary disposition should not be granted. [*Id*. at 276 (citations omitted).]

A question of material fact exists when the record leaves open an issue on which reasonable minds might differ. *West*, 469 Mich at 183. On this record, genuine issues of material fact exist as to: which entity is the owner or registrant of the subject tow truck; which entity employed plaintiff as a tow truck driver; and if 313 is not the owner or registrant of the tow truck but employed plaintiff, whether 313's usage of the tow truck over the course of plaintiff's employment made 313 a constructive owner of it for purposes of the no-fault act. Accordingly, the trial court's order granting defendant's motion for summary disposition is reversed and this matter is remanded for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-5-