*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

ADORA WILMORE-MOODY, Individually and as
Next Friend of DAIMLER AAKU,

      Plaintiff/Counterdefendant-Appellant,

v

MOHAMMED ZAKIR,

      Defendant-Appellee,

and

EVEREST NATIONAL INSURANCE CO,

      Defendant/Counterplaintiff-Appellee,

and

PDB INVESTMENTS & INSURANCE CO,
MICHIGAN ASSIGNED CLAIMS PLAN, and
MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

      Defendants.

UNPUBLISHED
May 6, 2021

No. 352411
Wayne Circuit Court
LC No. 18-002518-NI

---

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

GLEICHER, P.J. (*concurring in part and dissenting in part*)

I concur with the majority's holding that plaintiff Adora Wilmore-Moody's third-party negligence claim against defendant Mohammed Zakirmay should proceed. The majority correctly reasons that Wilmore-Moody had security in place at the time of the accident as required under MCL 500.3135(2)(c), and that a subsequent rescission does not change that fact.

I respectfully dissent regarding the majority's resolution of Wilmore-Moody's first-party claim. The majority holds that Wilmore-Moody "did not present any evidence that the omission or misrepresentation was not intentional and there is no genuine issue of material fact on this record

-1-

that the misrepresentation was intentional." Relying on *Titan Ins Co v Hyten*, 491 Mich 547, 570; 817 NW2d 562 (2012), the majority concludes that Wilmore-Moody fraudulently misrepresented that she was the only driver who lived in her home.

In my view, defendant Everest National Insurance Co has not produced evidence that Wilmore-Moody intended to misrepresent that her granddaughter lived in her home to obtain insurance. The burden of establishing intent rests on defendant Everest, and I can discern no evidence of such intent in this record. "The granting of a motion for summary disposition is especially suspect where motive and intent are at issue or where a witness or deponent's credibility is crucial." *Vanguard Ins Co v Bolt*, 204 Mich App 271, 276; 514 NW2d 525 (1994). Furthermore, the trial court failed to address the equities of rescission. "Because a claim to rescind a transaction is equitable in nature, it is not strictly a matter of right but is granted only in the sound discretion of the court." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409; 919 NW2d 20 (2018) (quotation marks and citation omitted). The Supreme Court noted in *Bazzi*:

> [R]escission does not function by automatic operation of the law. Just as the intervening interest of an innocent third party does not altogether bar rescission as an equitable remedy, neither does fraud in the application for insurance imbue an insurer with an absolute right to rescission of the policy with respect to third parties. Equitable remedies are adaptive to the circumstances of each case, and an absolute approach would unduly hamper and constrain the proper functioning of such remedies. [*Id*. at 411.]

The trial court failed to exercise any discretion when it rescinded the insurance policy, reflexively granting summary disposition based on Wilmore-Moody's failure to include her granddaughter's name on the application. I would reverse the trial court's rescission ruling in the first-party case, and remand for a determination of whether the rescission is warranted given the equities and the conduct of all parties to the contract.

/s/ Elizabeth L. Gleicher