# STATE OF MICHIGAN

# COURT OF APPEALS

NICOLE EATON and DARRELL EATON,

Plaintiffs-Appellees,

v

FRONTIER COMMUNICATIONS ILEC HOLDINGS, INC., FRONTIER COMMUNICATIONS OF AMERICA, INC., FRONTIER COMMUNICATIONS OF MICHIGAN, INC., FRONTIER COMMUNICATIONS CORPORATE SERVICES, INC., and FRONTIER COMMUNICATIONS ONLINE & LONG DISTANCE, INC., d/b/a FRONTIER COMMUNICATIONS,

Defendants,

and

CLINTON FALL FESTIVAL, INC.,

Defendant-Appellant.

UNPUBLISHED
February 9, 2016

No. 324499
Lenawee Circuit Court
LC No. 13-004820-NO

Before: SERVITTO, P.J., and SAAD and O'BRIEN, JJ.

PER CURIAM.

In this premises liability action, defendant Clinton Fall Festival, Inc. ("defendant Festival") appeals the trial court's order that denied its motion for summary disposition under MCR 2.116(C)(10). Because the sidewalk hazard at issue was open and obvious as a matter of law, we reverse and remand.

-1-

Plaintiff[1] attended the Clinton Fall Festival, which was put on by defendant Festival. As part of the event, defendant Festival placed tables and chairs at a hospitality center on property owned by defendant Frontier Communications. While on that property, plaintiff was walking toward the hospitality tent, when her foot landed on an uneven portion of the private sidewalk, causing her to fall and break her elbow. Plaintiff brought the present premises liability suit against both defendant Festival and Frontier. Defendants moved for summary disposition and argued that the uneven sidewalk was an open and obvious danger.[2] Plaintiff argued that the angle of her approach to the sidewalk and the color of the sidewalk caused the 2½- or 3-inch height difference to not be noticeable, i.e., not open and obvious. Without providing any analysis, the trial court agreed with plaintiff that the question should be submitted to a jury.

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper "when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty owed depends on the individual's status on the land when the injury occurs. *Id*. In this case, defendant does not dispute that, with respect to it, plaintiff was an invitee. "An owner 'owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.'" *Id.*, quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

---

[1] In this opinion, we will use the singular term "plaintiff" to refer to plaintiff Nicole Eaton because she was the injured party and plaintiff Darrell Eaton's claim is purely derivative for loss of consortium.

[2] Defendant Frontier also argued that it owed no duty to plaintiff because she was a trespasser, as Frontier never gave permission to defendant Festival to hold the event on its land. After the trial court denied Frontier's motion, Frontier moved for reconsideration. But after this Court granted defendant Festival's leave to appeal, but before the trial court addressed Frontier's motion for reconsideration, the trial court entered a stay in the proceeding. In short, the issue of plaintiff being a trespasser is not before us on appeal.

"However, this duty does not generally encompass removal of open and obvious dangers." *Lugo*, 464 Mich at 516. The Michigan Supreme Court explained that the open and obvious doctrine "should not be viewed as some type of 'exception' to the duty general owed invitees, but rather as an integral part of the definition of that duty." *Id*. The duty owed to invitees does not extend to open and obvious dangers because "such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid." *Hoffner v Lanctoe*, 492 Mich 450, 460-461; 821 NW2d 88 (2012). "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id*. at 461. When considering whether a defect is open and obvious, courts must consider the "objective nature of the condition of the premises at issue." *Lugo*, 464 Mich at 524.

Plaintiff asserts that the sidewalk defect was not open and obvious because based on the angle of her approach and the coloring of the sidewalk, the offset in the sidewalk was not visible from her position upon casual inspection. We disagree. Plaintiff presented testimony that she approached the sidewalk on an angle, i.e., while the sidewalk ran east-west, she approached the offset from the northwest. She testified that she was not looking down as she approached the sidewalk. Instead, her attention was focused on the hospitality tent, where her grandmother was. But a plaintiff's failure to see a hazardous condition does not eliminate the applicability of the open and obvious doctrine because the test is *objective*. *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 102; 804 NW2d 569 (2010); *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 474-475; 499 NW2d 379 (1993). Here, two individuals that viewed the sidewalk after the fall reported that they thought the defect would be plainly visible upon casual inspection. Even plaintiff admitted that afterward she did not have to point out to people what she tripped on because it was "obvious." Additionally, the photographs provided on the record reveal a large and striking difference between the heights of the two sidewalk slabs. Therefore, we hold that the hazard was open and obvious as a matter of law.

Plaintiff claims that these other witnesses and photographs are not applicable because they do not speak to how an objective person from plaintiff's point of view would have viewed the hazard. There are two issues with this argument. First, all the submitted photographs show the hazard to be clearly visible, with the height difference between the two sidewalk slabs in question being significant (nearly three inches at its maximum height difference). Although no photograph was taken from precisely the same approach that plaintiff took, this fact is not dispositive. With the familiarity with the common-place occurrence of uneven sidewalk slabs, a reasonable inference can be made as to how the hazard would have appeared from a different angle not explicitly depicted in any photograph. Further, assuming the height difference in the slabs was not detectable from a considerable distance away, common sense instructs us that this would not be true as one got closer and closer to the sidewalk. There is no explanation as to why an "average person with ordinary intelligence" would not have noticed the height difference "upon casual inspection" once within a couple steps of the sidewalk. In any event, if plaintiff desired to show exactly how the view looked from plaintiff's perspective (because she thought defendants' photographs were not representative), it was incumbent upon her to provide such a photograph or some other evidence—she did not. To say that the submitted photographs are not indicative of how an objective person in plaintiff's position would have viewed the premises, without any other meaningful evidence, is to venture into impermissible speculation. See

*Ghaffari v Turner Const Co*, 268 Mich App 460, 464; 708 NW2d 448 (2005) (stating that parties opposing a motion for summary disposition must present more than conjecture and speculation).

Second, the only evidence plaintiff presented that purported to demonstrate that the hazard was undetectable from her vantage point was her own testimony. Plaintiff opined that the level difference in the slabs was not noticeable because of the "angle" of her approach and because the two abutting sidewalk slabs were the same color. However, it is clear that this testimony is not to be considered, as she admitted that she was not looking down at the sidewalk as she approached it. Furthermore, plaintiff admitted that she never went back and retraced her path at any time after the incident. MCR 2.116(G)(6) provides that deposition testimony in conjunction with a motion under MCR 2.116(C)(10) "shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." And MRE 602 provides that "[a] witness may not testify to a matter unless evidence is introduced to support a finding that the witness has personal knowledge of the matter." Hence, because it is clear that plaintiff lacks any personal knowledge as to how the sidewalk would have appeared to someone approaching as she did at the time of her fall, her testimony about such appearance is not admissible and is not to be considered. See *Ghaffari*, 268 Mich App at 465. In sum, all of the relevant and admissible evidence demonstrated "that an average person with ordinary intelligence would have discovered [the hazard] upon casual inspection." *Hoffner*, 492 Mich at 461.

Plaintiff also argues that defendant Festival committed active negligence by inviting festival attendees onto the defective and dangerous land. This distinction is important because, while the open and obvious doctrine applies to premises liability claims, it does not apply to ordinary negligence claims. *Wheeler v Cent Mich Inns, Inc*, 292 Mich App 300, 304; 807 NW2d 909 (2011). However, plaintiff's claim here is clearly one of premises liability because plaintiff's injuries resulted from a condition on the land and not from any overt act of defendant Festival. *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914 (2010); see also *Adams v Adams*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007) ("It is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."). Accordingly, because plaintiff's claim sounds solely in premises liability, the open and obvious analysis provided previously applies.

Reversed and remanded for the trial court to enter an order that grants summary disposition in favor of defendants.[3]  We do not retain jurisdiction.  Defendant Festival, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Deborah A. Servitto
/s/ Henry William Saad
/s/ Colleen A. O'Brien

---

[3] Although defendant Frontier was not part of this appeal, the fact that the hazard was open and obvious would require Frontier's dismissal as well, regardless of plaintiff's status as a trespasser, licensee, or invitee with respect to Frontier.